LORTON v. THE STATE.

The stealing of several articles of property, at the same time and place, constitutes but one offence, and the circumstance of several ownerships of the property cannot increase or mitigate the nature of the offence.

Appeal from the St. Louis Criminal Court.

*T. T. Gantt for Appellant.*

1st. That the stealing of goods at *different* times, of the value of 4d, 6d, and 3d, was punishable at common law as grand larceny. 1 Hawk. Pc. ch. 33, sec. 33. That if this severity was seldom practiced, it was because of the rigor of such proceeding. Ibid. That consolidation was a favorite principle of common law, both in civil and criminal cases, and that in the latter it was always adhered to, when unopposed by considerations of humanity. Id.—ibid.

2d. That if the goods of several persons are stolen at the *same* time, the circumstance of different ownerships, does not change the offence, in contemplation either of law or morality ; and that if there be but one transaction, there should be but one indictment, there being but one felony, every branch of which was punishable by one prosecution, one indictment, and one sentence. 3 Chitty's Crim. Law, 960; 4 Carrington & Payne, 386, Rex v. Birdseye.

3d. That a former conviction and sentence is a bar to a subsequent prosecution for the same felony. 1 Chitty's Criminal Law, 462, 463.

4th. That unless the court is prepared to say that the stealing of several different articles from the same person at the same time can be made the subject of several indictments, the proposition that the circumstance of several ownerships does not entitle the prosecutor to change so entirely the duration and extent of the punishment would seem to rest upon principles of policy and justice, and to be resisted by no considerations of general or particular mischief.

5th. That the enlarged discretion which the doctrine contended for and adjudged below would rest in the prosecutor, would inflict upon the prisoner a punishment graded

rather to his caprice and power, than by the fixed provisions of law. That such enlargement is contrary to the spirit of our laws and institutions in every case, but above all in criminal proceedings.

*Bent, Circuit Attorney, for the State.*

That larceny of goods of several owners, taken at the same time, may be joined, is not denied; and that when the goods of several are mixed together, as a number of files laying in the corner of the shop, belonging to different persons, they cannot be severed, is true. But when two persons are sleeping in one room in a Hotel, their clothes laying on separate chairs, the thief or thieves enter and take the clothes of both, the larceny of the clothes of each, it is believed, constitute separate offences, and may be indicted separately. This last was the situation of the clothes taken and for which Lorton was indicted.

*Opinion of the Court by Napton, Judge.*

Lorton was indicted by the grand jury of St. Louis county, for stealing the goods and chattels of Richmond Curle, and at the same time was also indicted for stealing the goods of one John B. Gibson. The defendant plead guilty to the first indictment, and to the second plead a former conviction for the same offence. It appears from the bill of exceptions, that the prisoner on the day mentioned in the indictment, was found in a room of the Missouri Hotel, in the city of St. Louis, at a late hour in the evening, and being seized by Richmond Curle, and one John B. Gibson, who were lodgers therein, and who were awakened by the noise made by the prisoner, confessed that he had been concerned in stealing goods therefrom, in company with another, and search being immediately made, the goods of said Curle and Gibson were found lying on the stair steps and in the passage, where they had been dropped by the thief, who was making off with them. The goods of Curle and Gibson were

found precisely in the same condition. The prisoner had been sentenced under the first indictment to two years imprisonment in the penitentiary. The prisoner, by his counsel, prayed the court to instruct the jury, that if they believed from the evidence that the goods of Curle and Gibson were stolen at one and the same time, then the circumstance of said goods belonging to separate owners did not constitute several offences, and that if any person by the same act and at the same time should steal the goods of A, B, and C, this constituted but one felony, or offence against the State ; and that if they should believe under the preceding instruction, that the stealing of the goods of said Curle and Gibson was one transaction, then the former conviction of the prisoner operated as a bar. The court refused to give this instruction : the prisoner excepted, and moved for a new trial, which was overruled, and the case is brought here by error.

The court should have given the instructions asked by the prisoner. The stealing of several articles of property, at the same time and place, undoubtedly constitutes but one offence against the laws, and the circumstance of several ownerships cannot increase or mitigate the nature of the offence.

The judgment will be reversed.

*MAY TERM, 1841.*

Lorton
v.
The State.

*The stealing of several articles of property at the same time and place, constitutes but one offence, and the circumstance of several ownerships of the property cannot increase or mitigate the nature of the offence.*