STATE of Missouri, Respondent,

v.

James CODY, Appellant.

No. 58753.

Supreme Court of Missouri,
En Banc.

July 14, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Joseph Langworthy, James Cody, Pacific, Mo., for appellant.

SEILER, Judge.

Appellant was charged in a two count information with stealing a truck by bypassing the ignition, and stealing $5,000 worth of stainless steel which appellant had loaded onto the truck. Both the truck and the steel were taken at the same time and place from the premises of Lyon Sheet Metal Works, Inc., the lawful owner of the stolen property. Appellant moved for consolidation of the two counts on the ground

that they constituted only one offense. The trial court overruled the motion and after the state indicated that it was prepared to prove the above-stated facts surrounding the stealing, appellant pleaded guilty to both counts. The court denied defense counsel's requests for a presentence investigation and consideration for probation, and sentenced appellant to two years on each count, the sentences to run concurrently.

Appellant raises two points for our consideration: first, that the trial court erred in overruling his motion for consolidation, in that the convictions and sentences on two counts where only one offense was indicated violated his right against being put twice in jeopardy for the same crime. Second, appellant contends that the trial court erred in refusing to permit appellant to make a formal application for probation, and by refusing to grant probation.

We shall examine appellant's second contention first. Appellant admits that he enjoys no right to receive probation, but maintains that he should have been given consideration for probation. Before sentence and judgment were pronounced, the trial court offered appellant allocution, at which time the following occurred:

"Mr. Langworthy [defense counsel]: I'd like to ask for a presentence investigation for consideration of probation and parole on this count.

"The Court: Mr. Langworthy, you had, of course, prior to going on the record, indicated that you would request that. The Court is considering it, and has considered it, and in view of the great amount of property that was stolen, we are going to deny your request for a pre-sentence investigation and for consideration of parole in this case."

Appellant contends that the court's decision to deny probation was an arbitrary and capricious exercise of the court's power, made without consideration of relevant factors, such as appellant's age (eighteen) and the fact that he was a first offender. Appellant urges this court to adopt "at least a minimum, prospective rule that a first offender, convicted of a non-heinous crime, is entitled to realistic consideration for probation if he requests it."

█ Section 549.071, RSMo.1969, V.A.M.S., provides that "When any person of previous good character is convicted of any crime . . .", the trial court, " . . . if satisfied that the defendant, if permitted to go at large, would not again violate the law, may in its discretion . . . place the defendant on probation . . ." The granting or withholding of probation is discretionary with the trial judge, McCulley v. State, 486 S.W.2d 419, 422–3 (Mo.1972). In Benson v. State, 504 S.W.2d 74 (Mo.1974), the defendant argued that the trial court, in denying probation, had delegated its judicial discretion to the parole officer who prepared the presentence report. Finding no support for this claim in the record, the court stated, 504 S.W.2d at 76: "In disposing of this case, we do not want to be understood as reviewing on appeal the determination by the trial court as to whether to grant or deny probation. Such determination is not subject to appellate review [Sec. 549.141, RSMo. 1969]. The trial court is not even required to consider probation but under the statute has the right to do so. If he does, it is for the trial court to determine whether probation is to be granted or refused."

█ We are thus unwilling to hold that a trial court is required to consider probation in each case, even where the defendant is a first offender, where the relevant statutes do not so require. Nor can we review the trial court's decision granting or refusing probation, Sec. 549.141, supra.

██ Appellant's next contention, that the trial court erred in failing to sustain his motion for consolidation of counts, is meritorious. The general rule is as stated in 52A C.J.S. Larceny § 53, p. 479: "Where

several articles are stolen from the same owner at the same time and place, only a single crime is committed, and the taking of separate articles belonging to the same owner from different places in the same building, pursuant to a single criminal impulse, usually is held to constitute a single larceny."

In State v. Wagner, 118 Mo. 626, 24 S.W. 219 (1893), the indictment was in two counts, one charging the defendant with stealing the victim's wallet, and the other charging the defendant with stealing the same victim's pocketknife at the same time and place. The court ruled, 24 S.W. at 220: "If the articles mentioned in the indictment were all taken at the same time and place, and from the same person, such taking would amount to but one larceny, and consequently all of the articles alleged to have been stolen should have been inserted in one count, and their taking charged as one offense." Accord, Lorton v. State, 7 Mo. 55 (1841). And compare State v. Moton, 476 S.W.2d 785, 790 (Mo.1972), where the defendant was convicted of robbing one man, although he had earlier been convicted of helping rob another man on the same occasion, holding that the robbery of the first man was a separate and distinct offense from the robbing of the second and did not involve double jeopardy, with State v. Toombs, 326 Mo. 981, 34 S.W.2d 61, 66 (1930), where the court reversed a conviction for fraudulently issuing an unauthorized stock certificate, where the defendant had earlier been convicted of issuing another false certificate, in the same company and on the same occasion, the two certificates being identical except for the serial number, the court saying that even though there was not absolute identity in indictment and proof, there was only one offense: ".   .   . the proofs in the two prosecutions need not be identical, and this is necessarily so. Otherwise the state could split up a single crime and prosecute as many times as there were parts into which the offense was susceptible of being divided,

and a prosecution for one part would not bar a subsequent prosecution for another part, because there would not be absolute identity either in the indictment or the proof   .   .   ."

█ In granting relief as to count II, we do not wish to be understood as giving sanction to a general right to appeal from a plea of guilty. We do not disturb the rule in Missouri that a plea of guilty voluntarily and understandingly made waives all nonjurisdictional defects and defenses. Robinson v. State, 491 S.W.2d 314 (Mo.1973). The claim of double jeopardy, however, ".   .   . is an assertion of a constitutional grant of immunity", Weaver v. Schaaf, 520 S.W.2d 58, 68 (Mo. banc 1975), quoting with approval from McCabe v. Bronx County Court, 24 Misc.2d 472, 199 N.Y.S.2d 241, 245–6 (1960). In Robinson v. Neil, 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29, the Supreme Court explained that the constitutional guarantee against double jeopardy is "significantly different" from the constitutional guarantees pertaining to procedural rights, saying that "while this guarantee [double jeopardy], like the others, is a constitutional right of the criminal defendant, its practical result is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." This language was cited with approval in Blackledge v. Perry, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, where the court was dealing with constitutional claims which go "to the very power of the State to bring the defendant into court to answer the charge brought against him" and stated that what was said in Robinson v. Neil above "aptly describes" the practical result which obtains in such situations. Hence, the trial court was without power or jurisdiction to try the defendant twice for the same offense in the case before us.

Appellant's guilty plea was accepted and sentence imposed on count I of the information before such action was taken with re-

spect to count II. Under the foregoing authorities, the conviction had under Count II constituted a violation of his right not to be twice punished for the same offense. The judgment imposed on count II is therefore reversed and judgment on count I is affirmed.

All of the Judges concur.