Castidel MOORE, Movant,

v.

**STATE of Missouri, Respondent.**

No. 54811.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied
Jan. 17, 1989.

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced pri-

or to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See,* Rule 24.035, effective January 1, 1988.

Beverly A. Beimdiek, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Castidel Moore, appeals from the denial of his Rule 27.26 motion[1] without an evidentiary hearing. We affirm.

Movant entered pleas of guilty to two counts of first degree robbery. He was sentenced to ten years imprisonment on each count, the terms to run concurrently.

He subsequently filed a Rule 27.26 motion. In that motion, movant alleged ineffective assistance of counsel for his counsel's failure to investigate defense witnesses, his failure to depose a victim, and his failure to argue a motion to suppress identification. Movant further alleged that counsel's lack of preparation forced him to plead guilty.

Movant's sole point on appeal is that the motion court erred in denying his Rule 27.26 motion without an evidentiary hearing.

An evidentiary hearing is not required if the motion and records of the case conclusively show that the prisoner is entitled to no relief. Rule 27.26(e).

■ We first address movant's claim that his guilty pleas were induced by his counsel's lack of preparedness. This contention is refuted by the record. The transcript of the guilty plea hearing shows that the trial court questioned movant to ensure the voluntariness of his pleas. He stated that he was pleased with his attorney's representation of him and that his pleas were not coerced in any way. Movant's testimony conclusively showed that his pleas were voluntary. Since movant's claim relating to his guilty plea was unfounded, the court properly denied movant's motion without an evidentiary hearing.

■ Movant also claims ineffective assistance of counsel. Where movant's conviction was pursuant to a plea of guilty, a motion court is only required to hold an evidentiary hearing on allegations relating to ineffective assistance of counsel if the allegations are not refuted by the record

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced pri-or to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 24.035, effective January 1, 1988.

and they indicate that the plea was not knowing and voluntary. *Id.* "A plea of guilty voluntarily and understandingly made waives all nonjurisdictional defects and defenses." *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975). Movant's complaints of ineffective assistance of counsel are not cognizable on appeal because movant waived those claims by voluntarily entering his pleas of guilty. The motion court properly denied movant's motion on that ground.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.