Donald HAGAN, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 74526.

Supreme Court of Missouri,
En Banc.

July 21, 1992.

Rehearing Denied Sept. 22, 1992.

Dave Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Robert Alan Kelly, Asst. Attys. Gen., Jefferson City, for respondent-respondent.

ROBERTSON, Chief Justice.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." In this case we consider whether a guilty plea acts as a waiver of a double jeopardy claim asserted by movant for the first time on a collateral attack of his conviction under Rule 24.035. The trial court denied movant, Donald Hagan's, Rule 24.-035 motion. The Court of Appeals, Eastern District, permitted movant to raise his double jeopardy claim, proceeded to its merits, and on that basis reversed the trial court's judgment as to one of the crimes to which Hagan pled guilty. The court of appeals affirmed the remainder of the trial court's judgment. We granted transfer because of the general interest and importance of the question. Our jurisdiction is founded on article V, section 10 of the Missouri Constitution. The judgment of the trial court is affirmed.

## I.

The transcript of Hagan's guilty plea hearing shows that Hagan pled guilty to three crimes charged by the State: (1) forcibly stealing the keys to a 1989 Chevrolet Van from his victim in violation of Section 569.030, RSMo 1986 (second degree robbery); (2) stealing his victim's 1989 Chevrolet Van, in violation of Section 570.030, RSMo 1986; and (3) forcibly stealing money and cigarettes from a gas station armed with a deadly weapon, in violation of Section 559.020, RSMo 1986 (first degree rob-

bery). According to the complaint filed by the State, both the second degree robbery charge (the keys) and the stealing of the motor vehicle occurred at 4:00 p.m. at the same location on February 28, 1989. Each involved the same victim.

The trial court sentenced Hagan to fifteen years for second degree robbery, fifteen years for first degree robbery, and seven years for stealing. The trial court ordered the sentences to run concurrently. Pursuant to the plea bargain entered with Hagan, the State agreed not to pursue another pending robbery charge and also promised not to offer evidence to the trial court of Hagan's status as a prior and persistent offender. Section 558.019, RSMo 1986.

Hagan filed a timely Rule 24.035 motion raising for the first time his claim that his conviction for second degree robbery and stealing a motor vehicle violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. Following an evidentiary hearing, the motion court overruled Hagan's post-conviction motion. This appeal followed.

## II.

Hagan's principal point on appeal is that the sentencing court lacked jurisdiction to convict or sentence him because the charges of second degree robbery (the victim's car keys) and stealing a motor vehicle (the victim's van) constitute a single larceny under the "single larceny rule." Hagan argues that his sentences for second degree robbery constitute multiple punishments in contravention of the double jeopardy provisions of the Fifth Amendment.

### A.

■ Initially, we consider whether Hagan's guilty plea waives his double jeopardy claim. The general rule in Missouri is "that a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses." *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975), *citing Robinson v. State*, 491 S.W.2d 314 (Mo.1973). The right to be free from double jeopardy, however, is a constitutional

right that goes "to the very power of the State to bring the defendant in the court to answer the charge brought against him." *Cody*, 525 S.W.2d at 335, *quoting Blackledge v. Perry*, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2104, 40 L.Ed.2d 628 (1974), *overruled on other grounds, Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1977). *See also Robinson v. Neil*, 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973).

■ Weighing these competing interests, *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), acknowledges the general rule that when an offender seeks to reopen a conviction based upon a guilty plea that has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Id.* at 569, 109 S.Ct. at 762. Collateral attack is generally foreclosed if both of these requirements have been met. *Id.* An exception to this general rule of waiver, however, exists where it can be determined *on the face of the record* that the court had no power to enter the conviction or impose the sentence. *Id. Broce* stands for the proposition that a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. We believe that the record that a reviewing court may consider in determining whether a double jeopardy claim can be considered on collateral attack consists solely of the State's information or indictment and the transcript of a movant's guilty plea.

On the face of the record before the Court in this case, we have sufficient information to determine whether Hagan suffered a violation of his right to be free from double jeopardy. We proceed to that inquiry.

### B.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be

twice put in jeopardy of life or limb." This protection is made applicable to the State through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

Beyond simply protecting defendants from successive prosecutions for the same offense after an acquittal or a conviction, the Fifth Amendment also prohibits multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 798–803, 109 S.Ct. 2201, 2204–2206, 104 L.Ed.2d 865 (1989). The prohibition against multiple punishment is "designed to ensure that the sentencing discretion of the court is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter*, 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–679, 74 L.Ed.2d 535 (1983). *See also State v. McTush*, 827 S.W.2d 184 (Mo. banc 1992) (abrogating the common law "single act of force" doctrine to the extent of its inconsistency with legislative intent and also holding that the double jeopardy clause does not bar the prosecution in a single proceeding of a single act of force as two crimes if the legislature intended to punish such conduct cumulatively under two different statutes).

### C.

In *Lorton v. State*, 7 Mo. 55 (Mo.1841), the State charged defendant with stealing the property of Richmond Curle in one count and with stealing the property of John B. Gibson in another count. The two victims shared a hotel room; Lorton stole the property from the two at the same time. This Court reversed Lorton's conviction, adopting the so-called "single larceny rule."

> The stealing of several articles of property, at the same time and place, undoubtedly constitutes but one offense against the laws, and the circumstance of several ownerships cannot increase or mitigate the nature of the offense.

*Id.* at 57. *State v. Wagner*, 118 Mo. 626, 24 S.W. 219 (1893), extended the single larceny rule to cases in which several items of property were stolen at the same time and place from a single individual. *See also Cody*, 525 S.W.2d at 334–35 (stealing a truck by bypassing the ignition and stealing $5,000 worth of stainless steel loaded on the truck is a single offense.)

The common law applications of the single larceny rule by this Court have focused on multiple convictions of stealing. They do not include the factual distinction found in this case: a conviction for robbery and a conviction for stealing. We are aware, however, that *State v. Lewis*, 633 S.W.2d 110 (Mo.App.1982), involved a conviction for second degree robbery of car keys and a separate conviction for stealing the automobile started with the keys. For the reasons that follow, we think *Lewis* was incorrectly decided.

*Lewis* relies on *Cody* and Section 570.050. The statute is a codification of the single larceny rule followed in *Cody.*. As might be expected, Hagan argues that *Lewis* and Section 570.050 control this case.

Section 570.050 states:

> Amounts stolen pursuant to one scheme or course of conduct whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of the offense.

By its own terms, the statute applies solely to charges of stealing. It permits the prosecutor to aggregate items stolen to determine the grade of the offense. This is because the severity of the crime of stealing depends on the value of the property stolen. A person charged with stealing an item of value greater than $150.00 commits a Class C felony, Section 570.030.3(1). Stealing less than $150.00 is a lesser offense. Thus, the statute permits the State to charge a person who steals two items with an aggregate value greater than $150.00 with a Class C felony, even though the value of each of the individual items stolen is less than $150.00. We conclude that Section 570.050 serves the limited pur-

pose of combining the value of all property stolen to determine whether the grade of stealing to be charged is a Class C felony.

The severity and thus the grade of a robbery offense is not determined by the value of the property forcibly stolen. Instead, robbery offenses are graded according to the force used. The value of the property forcibly taken is irrelevant to the determination of the grade of robbery committed. *Cf.* Section 569.020 (first degree robbery) with Section 569.030 (second degree robbery).

▇▇▇ Section 570.050 and *Cody* are inapplicable here. This is because Hagan was not convicted of two stealing offenses. Rather, Hagan pled guilty to stealing two separate items of property by two distinct means of conduct. Hagan used physical force to obtain the car keys. He stole the motor vehicle after all of the violence had ceased. These are two separate crimes.

▇▇▇ To summarize, because Section 570.050 does not incorporate robbery (stealing by force) within its statutory language, that statute does not apply where the facts proven or admitted by guilty plea show two separate crimes—robbery and stealing. To the extent that Section 570.050 codifies the single larceny rule, it does so only for stealing offenses. *Lewis'* reliance on Section 570.050 as a legislative mandate to consider both robbery and stealing as one offense, is misplaced. To the extent that *Lewis* is contrary to this opinion, it is overruled.

Nor do we find Hagan's argument that Section 556.041(1) prohibits his prosecution for stealing and second degree robbery persuasive. That statute provides:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; ...

Section 556.046.1 states:

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

\* \* \* \* \* \*

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

▇▇▇ Section 556.041 does not apply in this case. Stealing the motor vehicle and stealing the vehicle's keys *by force* involve, as we have said, two distinct items of property and two distinct kinds of conduct. The legislature intended to punish stealing by force separately from stealing without force, where the facts show two different kinds of conduct. By pleading guilty, Hagan admitted the factual predicate for treating the second degree robbery claim as a separate crime. Under these facts, stealing is not an "included" offense of second degree robbery because Hagan's guilty plea admitted to the existence of a different factual predicate—force—for the robbery than for the stealing. The legislature intended two separate punishments for these two factually distinct crimes. Where the legislature intended two separate punishments, there is no double jeopardy violation. *McTush,* 827 S.W.2d at 186.

### III.

▇▇▇ Hagan also raises several claims of ineffective assistance of counsel. Because Hagan's convictions were the result of negotiated pleas of guilty, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the pleas of guilty were made. *Wiles v. State,* 812 S.W.2d 549 (Mo.App. 1991), *citing Jenkins v. State,* 788 S.W.2d 536, 537 (Mo.App.1990).

▇▇▇ In order to demonstrate an ineffectiveness claim, Hagan must show that his representation fell below an objective standard of reasonableness and that he was prejudiced by that performance. *Wiles,* 812 S.W.2d at 551. *See also Hill v. Lock-*

*hart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In order to demonstrate prejudice, Hagan must show that but for the errors of counsel, he would not have pleaded guilty, and he would have insisted on a trial. *Id.*

### 1.

Hagan first urges this Court to find that trial counsel was ineffective for not recognizing the double jeopardy problem and for failing to advise Hagan correctly. Because we have ruled that Hagan's convictions did not violate double jeopardy, this point is moot.

### 2.

 Hagan contends that trial counsel was ineffective for failing to explain the second degree robbery charge (victim's keys) to Hagan. We assume Hagan's point is that had he understood the charge against him he would not have pled guilty. This allegation goes to the issue of whether Hagan's guilty plea was knowingly and voluntarily made.

During the plea hearing, the State indicated that it would prove beyond a reasonable doubt the Hagan forcibly stole the victim's keys. Hagan indicated that this charge was "basically" what happened. When the court sought clarification of Hagan's response, Hagan said, "I did not hurt her or force her or fear her, put her in any fear. I snatched her keys and got her van. I did do that." The State then countered that the victim's testimony would be that she struggled with the defendant at the time he snatched her keys and that he did use force. Hagan thereafter admitted that the victim did not simply give him the keys, and that he took them.

The purpose of the trial court's colloquy with Hagan was to determine whether he understood the charges against him and admitted the factual predicates necessary to support his guilty plea. In the end, Hagan admitted that he took the keys from the victim's person. This is sufficient force to support second degree robbery. Although this argument is a bit obtuse, we find nothing in this record to support Hagan's claim that he did not understand or know the nature of the proceedings, the charges against him, and the consequences of his guilty plea. Hagan has failed to meet his burden.

Moreover, the motion court ruled that Hagan's plea was voluntary; at no time during the plea hearing—even when specifically asked—did Hagan contend that his plea was anything but voluntary. The motion court did not clearly err in so ruling. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied, sub nom, Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

 Admissions in a guilty plea go beyond merely confessing to the various acts. *United States v. Broce*, 488 U.S. at 570, 109 S.Ct. at 763, *citing Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). By pleading guilty, Hagan admitted his guilt to the substantive crime charged and the requisite acts necessary to support that charge. *Broce*, 488 U.S. at 570, 109 S.Ct. at 763.

### 3.

The purpose of a trial in a criminal case is to permit the fact-finder to determine a defendant's guilt. A plea of guilty serves as a defendant's admission of all of the factual elements of the crime with which the defendant is charged as well as a waiver of the right to a jury's determination of any disputed facts.

 Hagan raises two additional points of ineffective trial counsel. First, he claims that his counsel failed to interview three alibi witnesses; second, he contends that trial counsel failed to interview four of the State's witnesses. Each of these claims goes to factual issues subsumed and rendered moot by Hagan's guilty plea. These points are not cognizable on a Rule 24.035 motion where, as here, the guilty plea is both counseled and voluntary. The points are denied.

### 4.

Hagan claims that the trial court erred in failing to rule directly on the amended mo-

tion's allegation that trial counsel performed ineffectively by failing to disclose in a timely fashion to movant that the State had brought an additional charge and its plea offer had changed from a five-year recommendation to fifteen. Hagan asserts that this change was not known to him until the day of the plea hearing.

The motion court concluded that Hagan was not entitled to relief because he was aware of the charge against him before the plea hearing, and because his attorney testified that he was ready to go to trial. The motion court did not clearly err. At the plea hearing, Hagan's attorney indicated that he had been in contact with his client throughout the entire process and that Hagan knew of the additional charge (which in turn warranted the higher plea arrangement) before the day of the plea hearing.

In summary, the motion court was not clearly erroneous in denying Hagan's claims of ineffective assistance of counsel. The point is denied.

### 5.

Hagan's final point concerns the voluntariness of his guilty pleas with respect to the remaining permissible charges. He claims that his plea bargain was based on a misstatement of the maximum penalty range. Hagan's argument is founded on his belief that his convictions violated double jeopardy and that the information his attorney provided was too high because it included both "double jeopardy" punishments. As we have held that Hagan's premise is incorrect, his conclusion that his counsel misstated the maximum penalty range is also incorrect. The point is denied.

### IV.

The judgment of the trial court is affirmed.

COVINGTON, HOLSTEIN, BENTON, THOMAS, and PRICE, JJ., and FLANIGAN, Special Judge, concur.