STATE of Missouri, Respondent,

v.

Gary HESLOP, Appellant.

Gary HESLOP, Appellant,

v.

STATE of Missouri, Respondent.

No. 74672.

Supreme Court of Missouri,
En Banc.

Nov. 24, 1992.

Judith C. LaRose, Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen. John P. Pollard, Robert Alan Kelly, Asst. Attys. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

ROBERTSON, Chief Justice.

The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), provides that "no person shall ... be subject for the same offense to be twice put in jeopardy of life and limb." We granted transfer in this case to consider whether the Double Jeopardy Clause prohibits two convictions when defendant steals and aids another in stealing two motor vehicles from the same owner in a continuous course of conduct. Our jurisdiction is founded on Article V, Section 10 of the Missouri Constitution. The judgment of the trial court is affirmed.

I.

On March 3, 1989, Gwendolyn Grove took Gary Heslop, defendant, and Donnie Riconoe to a lot at which the Auto Convoy Company receives trucks manufactured by the Ford Motor Company. Grove, Heslop and Riconoe initially planned to steal a single truck from the Auto Convoy lot. They subsequently agreed, however, that Heslop and Riconoee would each steal a truck.

After dropping Heslop and Riconoe off, Grove drove to an entrance ramp near I–435 to await their return. In a few minutes her wait was rewarded when Heslop and Riconoe appeared, driving separate, dark Ford pickup trucks. The two drove

the trucks to a point on 16th Street in Kansas City. Grove picked up the two at this location.

The next morning neighbors noticed a black pickup parked on 16th Street and, seeing a manufacturer's price sticker in the window, became suspicious. Shortly thereafter, Heslop appeared and got in the truck. When he could not get the key into the ignition, he left. Seeing all of this, a conscientious neighbor called Auto Convoy. An employee of Auto Convoy went to 16th Street and determined that the truck had been stolen from its lot.

On March 7, 1989, an employee of Auto Convoy observed two persons outside the lot. Later he saw them walk at a fast pace through the gate and onto the lot. The employee notified his supervisor and together they searched for the two people. They found Heslop and Grove hiding under separate trucks.

When Heslop and Grove were taken to the police station, Grove told officers about stealing the two trucks a few days before and stated that she and Heslop were in the lot to steal more trucks when they were caught.

A Clay County grand jury indicted Heslop on three counts: Count I charged Heslop with attempted stealing for the March 7 incident. Counts II and III each charged Heslop with stealing a truck on March 3. Prior to trial, the State substituted an information in lieu of the indictment, charging the same three crimes. The jury convicted Heslop of all three counts. Instructions given on Count II required the jury to find that Heslop aided and acted with Riconoe in stealing one of the trucks.

Heslop filed a timely motion for post-conviction relief under Rule 29.15. The trial court overruled the motion after an evidentiary hearing.

On appeal, Heslop raised his double jeopardy claim, together with claims that the substitute information filed in Count I was insufficient in advising the defendant of the crime charged; that the trial court erred in submitting Instruction No. 6 to the jury; and that Heslop's trial counsel was ineffective.

The Court of Appeals, Western District, reversed Heslop's conviction under Count II, affirmed the judgments on Counts I and III and affirmed the trial court's judgment concerning Heslop's Rule 29.15 motion.

## II.

Heslop's primary point on appeal assigns error to his conviction and sentencing on both Count II (stealing a truck by aiding and acting with Riconoe) and Count III (stealing a truck). He urges that his multiple conviction and sentence cannot stand because they violate the Double Jeopardy Clause.

## A.

■ The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Beyond simply protecting defendants from successive prosecutions for the same offense after an acquittal or a conviction, the Fifth Amendment also prohibits multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 798–803, 109 S.Ct. 2201, 2204–2206, 104 L.Ed.2d 865 (1989).

In *State v. McTush*, 827 S.W.2d 184 (Mo. banc 1992), this Court considered the relationship between the common law, single act of force rule and the Double Jeopardy Clause. Rejecting the contention that multiple convictions for crimes arising out of a single act of force are per se violations of the Double Jeopardy Clause, *McTush* holds that the single act of force rule "retains vitality in double jeopardy analysis involving multiple punishments solely to the extent that the doctrine is consistent with legislative intent." *Id.* at 187, citing *Missouri v. Hunter*, 459 U.S. 359, 368–369, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). Thus, the constitutional prohibition against multiple punishment does no more than "to ensure that the sentencing discretion of the court is confined to the limits established by the legislature." *Ohio v. Johnson*, 467

U.S. 493, 499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984).

## B.

In *State v. Cody*, 525 S.W.2d 333, 334 (Mo. banc 1975), this Court described the single larceny rule:

> Where several articles are stolen from the same owner at the same time and place, only a single crime is committed, and the taking of separate articles belonging to the same owner from different places in the same building, pursuant to a single criminal impulse, usually is held to constitute a single larceny.

*Quoting* 52A C.J.S. Larceny § 53, p. 479. A close reading of *Cody* reveals a belief that the single larceny rule is an imperative of the Double Jeopardy Clause, operating to prevent multiple punishment for a single criminal event. Admittedly, the early single larceny rule cases, *Lorton v. State*, 7 Mo. 55 (Mo.1841), and *State v. Wagner*, 24 S.W.2d 219 (Mo.1893), treat the rule as a common law creation, not a constitutional mandate. Only the later cases, like *Cody*, assume that the rule was born of constitutional necessity.

■ With the Supreme Court's decision in *Hunter*, however, the constitutional foundation for the single larceny rule evaporated. The Double Jeopardy Clause is offended only to the extent that a court imposes a multiple punishment where the legislature did not intend a multiple punishment. Moreover, since *Cody*, the legislature has adopted a comprehensive criminal code. Common law criminal rules are superceded by statutory directives. Thus, we are properly loath to superimpose the judicially created single larceny rule as a limit on the ability of the General Assembly to define crimes and determine punishment. We will not do so unless the rule is mandated by the constitution. To the extent that *Cody* is inconsistent with this opinion, it is overruled.

For these reasons we reject the argument that the single larceny rule applies in this case. The sole relevant inquiry must focus on Heslop's double jeopardy claim. To that end we must consider whether the legislature intended to permit multiple punishments for stealing more than one item of property from the same owner at the same time. We proceed to that inquiry.

## C.

### 1.

■ Section 570.050 provides:

> Amounts stolen pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of the offense.

In dicta, *State v. Hagan*, 836 S.W.2d 459, 462 (Mo. banc 1992) (1992) says, "The statute [Section 570.050] is a codification of the single larceny rule followed in *Cody*." The statement is dicta because the decision in *Hagan* did not turn on the application of Section 570.050, but instead on the fact that the defendant committed both a robbery and a stealing offense. The dicta is incorrect.

Section 570.050 does not refer to *items* of property stolen; it refers to *"amounts"* stolen. Had the General Assembly intended to link the stealing of items of property into a single "criminal episode" (a phrase born of ambiguity), it would have said so. Instead, the intent of the statute is to permit the State to aggregate the value of all property. This is because the severity of a stealing charge is a function of the value of the items stolen. It is a Class C felony to steal items of a value greater than $150.00; stealing less that $150.00 is a lesser offense. Reading "amounts" in the statute as synonymous with "value," we conclude that Section 570.050 serves the limited purpose of permitting the State to combine the value of all property stolen during a single course of conduct to determine a defendant may be charged with a Class C felony or must be charged with a lesser offense.

■ Because Section 570.050 focuses on the value of the property stolen for determining of the severity of the offense, that statute does not apply when a motor vehicle is stolen. Section 570.030.3, RSMo 1986,

makes it a Class C felony if "(1) The value of the property or services appropriated is one hundred fifty dollars or more; *or ...* (3) the property appropriated consists of: (a) Any motor vehicle...." (Emphasis added). Under the statute, the value of a motor vehicle is irrelevant to the determination of the severity of the crime; if the defendant steals a motor vehicle, it is a Class C felony. Heslop's reliance on Section 570.050 is thus misplaced.

### 2.

■ The only other statute that might remotely provide for Heslop is Section 556.-041, RSMo 1986.

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

The statutory condition precedent to the application of Section 556.041 is "the same conduct."

This is not a "same conduct case." Heslop was charged and convicted of two separate offenses. Each offense of stealing entailed an episode of dissimilar conduct. First, Heslop acted with or aided Riconoe to appropriate a single 1989 Ford truck. Heslop then appropriated a second and different 1989 Ford truck by his own actions. Each act constituted a separate and distinct stealing. Section 556.041 does not apply to this case.

■ The criminal code shows legislative intent to punish the commission of separate crimes. The convictions and sentence in these cases are consistent with this intent. Therefore, there is no violation of the Double Jeopardy Clause.

### III.

Heslop next contends that the information charging him with attempted stealing was insufficient in that it failed to allege the conduct that constituted the attempt. Heslop similarly argues that the trial court erred in submitting the corresponding instruction on attempted stealing to the jury.

■ An information is sufficient when it contains all the essential elements of the particular offense and clearly apprises the defendant of the facts constituting that offense. In charging the inchoate crime of attempt, however, the state need not be as explicit and specific as when charging the completed crime. *Henderson v. State,* 789 S.W.2d 498, 501 (Mo.App.1990). Moreover, if the conduct constituting the substantial step is the actual attempt to achieve the result of the object crime, that conduct may be described in general terms. *See* MACH–CR 18.02, Note 4; MAI–CR3d 304.-06.

■ The information in this case stated that Heslop "attempted to appropriate a motor vehicle, a 1989 Ford pickup truck which said property was in the possession of Auto Convoy Company." The information was sufficient to charge Heslop with the crime of attempted stealing. The State is not required to charge in specific, step-by-step detail, Heslop's "attempt to appropriate." A general description of the act is sufficient to apprise Heslop of the facts constituting the offense. On this point Heslop's contention fails.

■ Heslop also contends that corresponding Instruction No. 6 for attempted stealing was also erroneous in that it too failed to allege specific facts to the jury. The language of Instruction No. 6 stated that Heslop "tried to steal a motor vehicle from the property of Auto Convoy Compa-

ny." Analysis of this point is the same. The Instruction correctly instructed the jury as to all the elements of the crime of "attempted stealing." The generality of the charge is acceptable in the context of inchoate crimes. Both the information and the instruction are free from error. The point is denied.

## IV.

Heslop filed a Rule 29.15 motion alleging two counts of ineffective assistance of counsel. The motion court heard evidence, found Heslop's claims without merit, and overruled his motion. We agree.

Heslop finds his counsel ineffective for failing to object to evidence that eight trucks had been stolen from Auto Convoy. Heslop claims this is evidence of other crimes. Heslop also contends that counsel was ineffective for failing to object to a police officer's hearsay statement which linked Heslop to the theft of the trucks.

█ In order to prevail on his claim of ineffective assistance of, counsel Heslop must establish, (1) that his attorney's performance was deficient, and (2) that this deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Ineffective assistance will not lie, however, where the conduct involves the attorney's use or reasonable discretion in a matter of trial strategy. *State v. White,* 798 S.W.2d 694, 698 (Mo. banc 1990). It is only the exceptional case where a court will hold a strategic choice unsound. *Id.*

█ Counsel for Heslop testified at the 29.15 hearing that her trial strategy focused nearly exclusively on the testimony and credibility of Ms. Grove. As a result, counsel testified that she chose not object to the "eight truck" evidence because she wanted the jury to question Ms. Grove's failure to refer to the taking of all eight trucks. Counsel also did not object to the police officer's hearsay statement because she intended to impeach Ms. Grove with the officer's statement on cross-examination.

Heslop urges this Court to view the acts of counsel in hindsight. We refuse to do so, and find counsel's action to fall within the reasonable discretion afforded in matters of trial strategy. The trial court was correct in overruling Heslop's 29.15 motion.

## V.

The judgments are affirmed.

All concur.