**Charles BISHOP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20601.**

Missouri Court of Appeals,
Southern District,
Division One.

July 15, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant filed a motion under Rule 24.035, seeking to vacate convictions following his pleas of guilty to robbery and to sodomy. Following an evidentiary hearing, the motion was denied. Movant appeals, presenting one point relied on.

■ Movant contends that he received ineffective assistance of counsel because his counsel "failed to understand the fingerprint evidence correctly" until the second day of trial. He asserts that he entered "his guilty plea involuntarily because he was therefore forced to decide between continuing his trial with no theory of defense or accepting the plea bargain."

■ A claim of ineffective assistance of counsel following pleas of guilty "is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which

the pleas of guilty are made." *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). Movant must show that his representation fell below the objective standard of reasonableness and he was prejudiced. *Id.*

Apparently, Movant's counsel in the criminal matter, as well as the assistant prosecutor representing the State, interpreted a report on a fingerprint to indicate it was not Movant's fingerprint. In fact the fingerprint examiner intended to indicate by his report that the fingerprint was not sufficiently clear for him to identify to whom it belonged.

Even if we assume that Movant's criminal defense counsel failed to properly interpret or investigate the report, a question we do not decide, Movant has not shown how he was prejudiced. He contends he was left with no defense but does not state what defense there might have been. Absent there being some defense, he could not have been prejudiced. It may be that he was relying on a defense that did not exist and when that was discovered, no defense other than to make the State prove its case was available.

The trial court found that Movant's criminal defense counsel adequately prepared and was not ineffective. Those findings were supported by the record and not clearly erroneous. *See* Rule 24.035(k).

The judgment is affirmed.

GARRISON and BARNEY, JJ., concur.