**Kevin L. WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SD 29920.

Missouri Court of Appeals,
Southern District,
Division Two.

June 14, 2010.

Craig A. Johnson, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen. and Shaun J. Mackelprang, Assist. Atty. Gen., Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

This appeal comes to this Court on Kevin L. White's (Movant) motion for postconviction relief asserting that his guilty plea was not intelligently and voluntarily entered for the reason that he received ineffective assistance of counsel. The motion court entered an order denying Movant's relief. We affirm the motion court.

### Factual and Procedural History

Movant was charged with six drug-related offenses in Greene County, Missouri: Count I, attempted manufacturing of a controlled substance, pursuant to section 195.211;[1] Count II, possession of a controlled substance, pursuant to section 195.202; Count III, possession of a chemical with the intent to create a controlled substance, pursuant to section 195.420; Count IV, possession of drug paraphernalia with intent to use, pursuant to section 195.233; and Counts V and VI, unlawful use of a weapon, pursuant to section 571.030.1(1).

On June 3, 2005, Movant pled guilty to Counts I, II, and VI. Pursuant to a plea agreement, the State agreed to dismiss Counts III, IV, and V. The State also agreed not to charge Movant as a "persistent" offender in Count I, which allowed Movant to be eligible for parole and potential eligibility in the long-term substance abuse addiction program created by section 217.362. Movant had been evaluated and sentenced in another county on an unrelated charge, pursuant to section 217.362. During the plea proceedings in this case, Movant raised a question regarding whether the terms of his plea agreement adversely affected his eligibility for consideration in the 217.362 program prior to sentencing in this case. There was a break in the plea proceedings of undetermined length. The plea proceedings then went back on the record and Movant, apparently satisfied that he would be eligible for consideration in the section 217.362 program prior to sentencing, entered a plea of guilty.

On August 5, 2005, Movant was sentenced. Movant was not referred to the section 217.362 program. The sentencing court commended Movant's sentencing counsel for making a "strong argument" on his behalf, but offered the following explanation before it imposed Movant's sentence:

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

[W]hat speaks louder ... is your history, sir, and your contact with the criminal justice system in the past. I have sat here and I wonder how many judges have listened to fine attorneys argue on your behalf for leniency for a great variety of reasons and asked for treatment and other things over the years with all these multiple convictions and sometimes they listened to that obviously and sometimes they didn't as I look through here, but I don't believe that the long-term drug treatment program is the appropriate response at this point. The state struck the persistent language from Count 1 which it would have certainly been justifiable for them to keep that in place. I think they gave you an accommodation there and I don't feel this court should do anything other than just follow the years that are left in the plea agreement in terms of the years to sentence you to, sir.

Movant was sentenced to 16 years for both Counts I and II, respectively, and 4 years for Count VI. These sentences were ordered to run concurrent with each other.

On August 31, 2005, Movant filed a "Motion to Vacate, Set Aside or Correct the Judgment or Sentence," pursuant to Rule 24.035,[2] on his own behalf. Movant was subsequently appointed counsel. On June 2, 2006, Movant's counsel filed an amended motion on Movant's behalf. The motion alleged that Movant's plea counsel was ineffective for two reasons:

(a). [Plea] counsel unreasonably failed to request the Court to direct the pre-sentence investigator to assess and make findings as to Movant's eligibility for long-term treatment pursuant to section 217.362. Movant pled guilty based on counsel's assurance that he would be considered and assessed for long-term treatment.

(b). [Plea] counsel unreasonably advised movant to reject [the] state's cumulative plea offer of eleven years and instead accept an offer of sixteen years because with the sixteen-year offer he could seek long-term treatment. However, movant was not prescreened (nor was pre-screening requested by counsel), such that movant was not eligible for long-term treatment.

On January 21, 2009, the motion court held an evidentiary hearing regarding Movant's motion. Movant and Movant's plea counsel, Gary Collins, both testified. Collins testified that the State offered Movant at least two different plea offers. The first plea offer included a maximum sentence of 11 years, but the State would not strike the "persistent" language in Count I; therefore, Movant would not be eligible for parole or the section 217.362 program. The second plea offer included a maximum sentence of 16 years, but the State would strike the "persistent" language in Count I; therefore, Movant would be eligible for parole or the section 217.362 program. Collins also testified that he did not think it was necessary to request Movant be pre-screened in this case because he had already been screened and accepted in another case, and Collins had other clients who were accepted into the program without being pre-screened under those circumstances. Movant admitted during his testimony at the evidentiary hearing for this case that he had already been pre-screened for the program in another case: "Q. And you were screened for long-term treatment; it was just in a different case, right? A. In Lawrence County, yeah."

Movant testified that he wanted to be considered for the section 217.362 program in this case as he had in a previous unre-

---

**2.** All rule references are to Missouri Court Rules (2010).

lated case. Movant also testified that he would have wanted to be pre-screened if he knew that was required by statute, and he would have taken the 11–year plea agreement if he knew he was not going to be pre-screened. On cross-examination, the following exchange took place between Movant and the State at the evidentiary hearing:

Q. But you never did intend on taking this case to trial correct?

A. I—we could have went to trial on it if that's what they wanted to do, you know.

Q. But you didn't want to go to trial; you just wish you had taken a lesser sentence, correct?

A. I wish they had gave me what they offered me, yeah.

Q. Okay. So it's not your request here today to have a trial?

A. Well, if we have to have a trial, I guess we'll have to have one.

Q. But your complaint about the eleven-year sentence is you wish you had taken that as part of the plea offer, correct?

A. Yeah.

On February 25, 2009, the motion court issued an order denying Movant's motion. Regarding Movant's first claim, the motion court found that Movant's plea counsel's performance did not fall below an objective standard of reasonableness because Movant was screened for and evaluated pursuant to section 217.362, in a previous case pending in another county. Therefore, there was no reason to request Movant be screened again in this case. The motion court also found that Movant was not prejudiced because the sentencing court's decision not to refer him for the section 217.362 program was independent of his eligibility for it and that the court was not willing to refer him for the program. The motion court denied Movant's second claim because it found that Movant only claimed that but for counsel's ineffectiveness, he would have accepted the 11–year plea agreement. Thus, the motion court concluded that he failed to show prejudice, which the motion court stated required that "a movant must show that but for counsel's alleged errors, *he would not have pled guilty and would have insisted on going to trial.*"

### Standard of Review

Our review of the motion court's disposition of a motion filed pursuant to Rule 24.035 is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Findings and conclusions are clearly erroneous if, "after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made." *State v. Nunley,* 980 S.W.2d 290, 291–92 (Mo. banc 1998).

### Analysis

To succeed on an ineffective assistance of counsel claim, Movant is required to prove two things: "first, [Movant] must show that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation and, second, that trial counsel's failure prejudiced [Movant]." *Strong v. State,* 263 S.W.3d 636, 642 (Mo. banc 2008). In general, "[p]rejudice means a reasonable probability of a different result but for counsel's unprofessional errors." *Hardy v. State,* 306 S.W.3d 159, 161 (Mo.App. S.D.2010). "If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail." *Eddy v. State,* 176 S.W.3d 214, 217 (Mo. App. W.D.2005).

Movant presents two points. First, Movant alleged that the motion court erred in denying his 24.035 motion because his plea counsel was ineffective because he did not request that Movant be pre-screened for eligibility for section 217.362 prior to sentencing. Thus, it was not possible for the sentencing court to consider a section 217.362 referral. Therefore, Movant concludes that his guilty plea was involuntary, unknowing, and unintelligent because if he had known he could not receive drug treatment that he would have either taken the 11–year deal or gone to trial. Second, Movant challenges the legal standard that the motion court applied in evaluating whether he suffered prejudice as a result of his plea counsel's conduct.

### Section 217.362

A brief overview of section 217.362 is appropriate because of its importance to understanding this case. Section 217.362.1 mandated the creation, by the Department of Corrections ("DOC"), of "an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony as defined in section 556.061, RSMo." Section 217.362.2 requires that "[p]rior to sentencing, any judge considering an offender for this program shall notify [DOC]." DOC is then required to screen the defendant to determine his eligibility for the program and notify the court of its findings. § 217.362.2. Depending on the defendant's eligibility and the availability of space in the program, "the court may sentence" the defendant to the program, subject to some restrictions on the length of the sentence. *Id.*

Based on our review of the sentencing transcript, there is no evidence that the sentencing court's refusal to refer Movant for a section 217.362 evaluation had any-thing to do with whether Movant had been pre-screened or his general eligibility for it. The sentencing court considered Movant for referral pursuant to section 217.362, when it specifically discussed the long-term drug treatment program prior to imposing Movant's sentence; however, it ultimately concluded that it did not "believe that the long-term drug treatment program is the appropriate response at this point" because of Movant's history of "contact with the criminal justice system." Whether Movant had been pre-screened was not a factor. Therefore, any failure on the part of Movant's plea counsel to request pre-screening for the program was not the "but for" cause of the sentencing court's refusal to refer Movant for section 217.362 evaluation, as described in *Hardy*, 306 S.W.3d at 161.

Second, Movant alleged that the motion court erred because it applied the wrong standard for prejudice when it found that Movant did not establish prejudice for the reason that he did not prove he would have gone to trial but for counsel's ineffectiveness. Movant claims that he did establish prejudice:

(1) [Movant] did testify that if he had known that counsel would not have gotten him prescreened for [section 217.362 sentencing] he would have either gone to trial or taken the 11–year deal; and

(2) [Movant] established prejudice because as a result of counsel's ineffectiveness he received 16 years in prison instead of the original 11–year deal and receiving an additional five years in prison establishes prejudice.

Movant's second point also fails. Movant has not shown that the alleged errors on the part of his plea counsel affected the outcome of his case. Movant took the 16–year plea because he wanted to be considered for the section 217.362 program and this plea held open the possibility of pa-

role. The sentencing court made it clear that it was Movant's own criminal history that persuaded it that application of the section 217.362 program was not appropriate in this case. The record established that it was not the conduct of Movant's plea counsel that affected the outcome of his case; the cause of Movant's alleged prejudice was his own criminal history.[3]

The judgment of the motion court is affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.

**3.** The Supreme Court of the United States stated that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Our Supreme Court first applied that standard in *Hagan v. State*, 836 S.W.2d 459, 463–64 (Mo. banc 1992) (questioned on other grounds by *State v. Heslop*, 842 S.W.2d 72, 75 (Mo. banc 1992)). Our Supreme Court has reiterated that standard for prejudice as recently as 2009, in *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). However, the Western District has recently questioned whether the *Hill* standard is the exclusive test for prejudice following a guilty plea. *See Frye v. State*, 311 S.W.3d 350, 358–59 (Mo.App. W.D.2010) (stating that "[o]ur court does not construe *Hill* to bar other means of establishing prejudice when insisting on going to trial cannot possibly remediate ineffective assistance that has affected the outcome of the proceeding"). Based on the record in this case, however, Movant has failed to show how his plea counsel's alleged errors were the "but for" cause of his alleged prejudice. Therefore, it is unnecessary to address whether the standard in *Hill* is the exclusive test for prejudice under these circumstances.