

# Missouri Court of Appeals

### Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33071 |
| | ) | |
| KURT ROSS, | ) | FILED: May 5, 2015 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Kenneth G. Clayton, Judge

**<u>AFFIRMED</u>**

Kurt Ross appeals two felony convictions for stealing firearms. We address here only a plain error double jeopardy claim that involves statutory interpretation.[1]

## Background

Ross borrowed two heirloom rifles from a friend, sold them to a gun dealer, and pocketed $200. He was charged with and convicted of two counts of felony

---

[1] We affirm as to Ross's other points per Missouri Court Rule 30.25. After careful consideration, all judges agree that an extended opinion on those claims would have no precedential value. We have furnished the parties a memorandum, for their information only, explaining our disposition of those points.

stealing, one for each rifle sold, and received two concurrent sentences.[2]

## Double Jeopardy Claim

Ross charges that the trial court plainly erred in accepting two firearm-theft verdicts and sentencing Ross on two counts instead of just one. To quote Ross, this was double jeopardy since he "stole these firearms at the same time, [which] only constitutes a single offense because section 570.030.3 lists the unit of prosecution as 'any firearms.'" Alternately, Ross claims that "any firearms" is ambiguous as to the unit of prosecution, so the rule of lenity requires courts to adopt the statutory construction that favors Ross.

Three sentences from Ross's briefs capture his argument:

- "The question presented in this appeal is whether the alleged simultaneous appropriation of two firearms is one or two violations of this statute in light of the 'any firearms' language used in the statute."

- "Had the general assembly intended to punish a person separately for each firearm taken at the same time, it could have expressed this intention by using the term 'firearm' instead of 'firearms.'"

- "Because the phrase 'any firearms' is at least ambiguous to the allowable unit of prosecution, and because that ambiguity must be resolved in Mr. Ross's favor, this Court must reverse one of Mr. Ross's stealing convictions and order him discharged from that sentence."

This court disagrees.

## Analysis

"The Double Jeopardy Clause is offended only to the extent that a court imposes a multiple punishment where the legislature did not intend a multiple punishment." **State v. Heslop**, 842 S.W.2d 72, 75 (Mo. banc 1992). In **Heslop**, our

---

[2] The record indicates Ross also burned the same friend's truck, destroying it, and in a separate case was convicted of two additional felonies.

supreme court considered "whether the legislature intended to permit multiple punishments for stealing more than one item of property from the same owner at the same time" and found that it did. *Id*. at 75-76. *Heslop* effectively negated Missouri's single larceny rule, which held that "'[w]here several articles are stolen from the same owner at the same time and place, only a single crime is committed ....'" *Id*. at 75 (quoting *State v. Cody*, 525 S.W.2d 333, 334 (Mo. banc 1975)).[3]

Missouri's stealing statute, § 570.030, comprised eight subsections at the time of this offense.[4] Subsection 1 defined the crime:

> A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.

Subsections 2 and 5 dealt with evidentiary issues and certain charging mechanics. The remaining subsections provided felony punishments for various thefts (#3, 4, 6, 7) and that any other theft was a misdemeanor (#8).

As in *Heslop*, Ross errs in claiming that a felony *punishment* provision[5] shows he cannot be *convicted* for both thefts. Per *Heslop* and § 570.030.1, Ross committed the crime of stealing twice, once for each gun. He could be charged with both crimes, found guilty twice, and punished twice. "The criminal code shows

---

[3] *Heslop*'s guidance on legislative intent as to stealing distinguishes this case from those involving other crimes, like *State v. Liberty*, 370 S.W.3d 537 (Mo. banc 2012), where appellate courts were forced to use the rule of lenity as a last resort since they could make "'no more than a guess as to what the legislature intended.'" *Id*. at 547 (quoting *Fainter v. State*, 174 S.W.3d 718, 721 (Mo.App. 2005)).

[4] The language Ross cites ("Any firearms") has been in the statute since 1979.

[5] Specifically § 570.030.3(3)(d), which as pertinent here makes stealing a class C felony if the "property appropriated consists of ... [a]ny firearms[.]"

legislative intent to punish the commission of separate crimes." **Heslop**, 842 S.W.2d at 76.

Ross's argument seems more about two felony *punishments*, which differs from Point III's double jeopardy claim that Ross could be *convicted* only once on this record. This ends our inquiry; we will not devise our own arguments for reversal or forsake neutrality to advocate for a party. Point denied. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J./C.J. –  CONCURS