Perry MULLINS, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 90767.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 2008.

Nancy A. McKerrow, Columbia, MO, for appellant.

Shaun J. Mackelprang, Cory Lee Atkins, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Movant, Perry Mullins, appeals from a judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

On March 15, 2004, movant pleaded guilty to two counts of the class C felony of possession of a chemical with intent to

produce a controlled substance, in violation of section 195.420 RSMo (2000).[1] At the change of plea hearing, movant's counsel advised the court that the plea was entered pursuant to a plea bargain in which the state would *nolle prosequi* the remaining nine counts of the information and, in addition, would agree to a cap of ten years imprisonment and stand silent on a favorable presentence investigation if movant fulfilled certain conditions. After inquiry, the court accepted movant's plea as made "voluntarily and intelligently and with full understanding of the charges and the consequences of the pleas and with the understanding of his rights attending a jury trial and the effect of pleas of guilty on those rights."

On July 19, 2004, the court sentenced movant to five years imprisonment on each count, to be served consecutively, and ordered execution of the sentence suspended and placed movant on five years probation. On February 26, 2007, after a probation violation hearing, the court revoked movant's probation and ordered that the previously imposed sentences be served.

Movant thereafter timely filed a *pro se* Rule 24.035 motion for post-conviction relief, and appointed counsel filed an amended motion and request for an evidentiary hearing. The motion court subsequently denied the motion without an evidentiary hearing. Movant appeals.

For his sole point on appeal, movant asserts that the motion court clearly erred in denying his 24.035 motion without an evidentiary hearing because his attorney was ineffective in failing to object on the ground that his conviction of two possession counts violated the Double Jeopardy Clause. He argues that his simultaneous possession of more than one methamphetamine precursor ingredient could not re-sult in more than one conviction under section 195.420.

■ Our review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002). The findings and conclusions of the motion court are clearly erroneous if a review of the entire record leaves us with the definite and firm impression that a mistake has been made. *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999).

■ To receive an evidentiary hearing, a movant must allege facts, not conclusions, warranting relief; the facts alleged must raise matters not refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Peiffer,* 88 S.W.3d at 445. To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel, a movant "must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced." *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). If the motion, files, and records conclusively show that the movant is not entitled to relief, then a hearing shall not be held. Rule 24.035(h).

■ After a guilty plea, a claim of ineffective assistance of counsel is relevant only to the extent it affects the voluntariness of the plea. *Dean v. State,* 950 S.W.2d 873, 878 (Mo.App.1997). The movant must establish "a serious dereliction of duty which materially affected his substantial rights and show that his guilty plea was not an intelligent or knowing act." *Short v. State,* 771 S.W.2d 859, 864 (Mo.

1. All further statutory references will be to RSMo (2000), unless otherwise indicated.

App.1989). If the guilty plea proceedings directly refute the movant's contention that the plea was involuntary, the movant is not entitled to an evidentiary hearing. *Yates v. State*, 158 S.W.3d 798, 803 (Mo. App.2005).

■ In his amended motion, movant alleged that his guilty plea was unknowing and involuntary because he was denied his right to effective assistance of counsel in that plea counsel failed to object on the basis of double jeopardy. The motion court, relying on *State v. Angle*, 146 S.W.3d 4, 11 (Mo.App.2004), rejected the argument that multiple prosecutions for the simultaneous possession of precursor ingredients under section 195.420 are barred by the Double Jeopardy Clause.

■ Counsel is not ineffective for failing to make meritless claims during guilty plea proceedings. *Miller v. State*, 974 S.W.2d 659, 662 (Mo.App.1998). This is because counsel's failure to make meritless objections does not render a plea involuntary. *Salmons v. State*, 16 S.W.3d 635, 638 (Mo. App.2000). If there is no double jeopardy violation, a claim that counsel was ineffective for failure to object on double jeopardy grounds is moot. *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992). Accordingly, our inquiry begins with deciding whether there was a double jeopardy violation.

■ A "guilty plea does not waive a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence." *Id.* at 461. A movant can raise a double jeopardy claim in a 24.035 proceeding if the indictment or information and the guilty plea transcript show that the conviction or sentence violates the Double Jeopardy Clause. *McDaris v. State*, 843 S.W.2d 369, 375 (Mo. banc 1992); *Hagan*, 836 S.W.2d at 461.

■ The Fifth Amendment's protection against double jeopardy prohibits multiple punishments for the same offense. *Hagan*, 836 S.W.2d at 462. Movant argues that Counts I and II charged the same offense. Count I charged movant with possession of Acetone with intent to manufacture methamphetamine in violation of section 195.420, and Count II charged him on the same date with possession of Heet with intent to manufacture methamphetamine, also in violation of section 195.420. Section 195.420 makes it "unlawful for any person to possess chemicals listed in subsection 2 of section 195.400, or reagents, or solvents, or any other chemicals proven to be precursor ingredients of methamphetamine ... with the intent to manufacture ... or otherwise alter that chemical to create a controlled substance." Possession of any one of the precursor ingredients of methamphetamine, "by itself, is a separate and distinct offense under section 195.420." *State v. Baker*, 103 S.W.3d 711, 721 (Mo. banc 2003); *see also Angle*, 146 S.W.3d at 12.

In *Angle*, the court of appeals specifically addressed the question of whether the legislature intended to allow separate prosecutions for each chemical possessed in violation of section 195.420. 146 S.W.3d at 11–12. After examining the language used by the legislature in section 195.420, it held:

> While the plural term "chemicals" is used to refer to a list of ingredients that may be unlawfully possessed, the statute further defines the offense by criminalizing the possession of any one chemical with the intent to produce methamphetamine. The singular use of the phrase "that chemical" indicates the legislature's intent to allow separate prosecution for each chemical ingredient possessed.

*Id.* at 12. The court added: "By using the phrase 'that chemical' in defining the crim-

inal activity, the legislature gave notice that a defendant could be charged and punished for each chemical possessed with the intent to manufacture methamphetamine." *Id.*

Movant seeks to avoid the *Angle* holding on multiple grounds. He first argues that *Angle* is distinguishable because the court was not considering multiple offenses under one statute, but under two different statutes. This does not provide movant with a basis for distinction.

In *Angle,* the defendant was convicted of possession of sulfuric acid with intent to manufacture methamphetamine in violation of section 195.420.1, and possession of pseudoephedrine with intent to manufacture methamphetamine in violation of section 195.246.1. On appeal, the defendant claimed these were the same offense, and the imposition of punishment on each conviction violated her right against double jeopardy. Because the elements of possession of pseudoephedrine are the same under sections 195.420 and 195.246, the defendant based her double jeopardy claim on the argument that the state could not have separately charged her for possession of each chemical under section 195.420. This issue was thus placed squarely before the court for resolution on the merits; its resolution was a necessary step in deciding the defendant's double jeopardy claim; and the court did decide it. The fact that the defendant's possession of pseudoephedrine was charged under section 195.246 does not provide a basis to distinguish *Angle's* double jeopardy analysis of section 195.420.

Movant also takes issue with the reasoning in *Angle.* He argues that the use of the plural in the words "reagents," "solvents" and "ingredients" in section 195.420 requires the conclusion that possession of multiple chemicals could not constitute more than one offense. *Angle* considered this argument in the context the use of the plural "chemicals" in reference to the prohibited chemicals. 146 S.W.3d at 12. As set out above, it rejected this argument in a well-reasoned analysis of the entire statute that we will not disturb. *See id.* "Reagents," "solvents," and "other chemicals" are used in the statute as alternatives to the "chemicals" listed in section 195.400.2. "Ingredients" is used to define the class of "reagents," "solvents" and "other chemicals" that are also prohibited. *Angle's* rejection of the argument based on the use of the plural word "chemicals" applies equally to the same argument based on the use of the plural words "reagents," "solvents," and "ingredients."

Finally, movant urges us to resort to the rule of lenity to find that the legislature only intended one offense no matter how many precursor chemicals a defendant possessed. "The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation." *State v. Rowe,* 63 S.W.3d 647, 650 (Mo. banc 2002). There is no reason to invoke the rule of lenity in this case because the statute is not ambiguous.

Movant's convictions on the two possession counts did not violate his right against double jeopardy. Counsel was not ineffective for failing to raise a meritless objection. The motion court's denial of movant's claim of ineffective assistance of counsel without an evidentiary hearing was not clearly erroneous. Point one is denied.

*Conclusion*

The judgment of the motion court is affirmed.

BOOKER T. SHAW, P.J. and MARY K. HOFF, J., concur.