**Jeromie Louis WALTERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70184.**

Missouri Court of Appeals,
Western District.

March 30, 2010.

Frederick J. Ernst, for Appellant.

Shaun J. Mackelprang, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

Jeromie L. Walters appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. The appeal from the motion court's denial of Walter's Rule 29.15 motion is dismissed.

The facts related to Walters' underlying crime were set forth by this court on direct appeal as follows:

In September of 2004, Walters and his cousin Derrick Sandow were spending time with Shanda Stillwell and Stacy Baker, the victim. At some point, the four of them were driving around, using drugs and drinking alcohol. Stillwell was driving, Walters was in the passenger seat, and Baker and Sandow were in the back seat. Walters and Baker had a dispute. Walters then got out of the car and started walking down the street. Soon after, Baker drove the car into Walters as he was walking down the street. The incident injured Walters and cracked the windshield of the car. Walters did not seek medical treatment for his injuries or report the incident to police.

The group did not see each other for a month or so, but during that time Walters and Sandow discussed getting revenge on Baker for hitting Walters with the car. On November 4, 2004, Baker, Stillwell, Walters, and Sandow were hanging out at Baker's trailer where she and Stillwell lived. Stillwell and Baker each went to bed in separate bedrooms. Walters and Sandow remained in the living room talking. Walters and Sandow began to discuss hurting Baker and taking her car and going to Michigan. Sandow showed Walters a switch blade that he had and suggested that they stab Baker. Walters agreed. Sandow checked on Baker to see if she was sleeping. When it appeared she was asleep, Sandow and Walters entered her room. Walters covered Baker's head with a blanket and put his weight on her to hold her down while Sandow stabbed her nine times with the switchblade. Sandow stabbed Baker in her right leg, groin, and abdomen area.

Stillwell was awakened by Baker's scream for help from the next room and ran to Baker's room to see what was the matter. Sandow had the knife and was offering it to Walters to continue the stabbing. Stillwell grabbed the knife while Walters grabbed Baker's car keys. He and Sandow fled, taking Baker's car. Baker got out of bed, grabbed a metal bat, and went outside. Stillwell ran to a nearby house where Baker's uncle lived and shouted that Baker was hurt. Baker's uncle called 911 and then he and others attempted to render assistance to Baker.

Paramedics arrived to help, but by the time they arrived Baker had no pulse. They were unable to revive her. One of the stab wounds had severed Baker's femoral artery, causing her to bleed to death.

Sandow and Walters, who had concocted a plan to go to Michigan, ran out of gas in Baker's car on Highway 13. They were found on a farm and arrested.

\* \* \*

During trial, the jury heard the above-outlined evidence. Walters testified in his own defense. He admitted that he and Sandow entered Baker's room and that he held the blanket over Baker's head while Sandow stabbed her. He testified that his intention was not to kill Baker, but only to hurt her so that he and Sandow could steal her car. The jury returned a verdict of guilt [sic] of first-degree murder and armed criminal action. The court sentenced Walters to life imprisonment without the possibility of probation or parole for the first-degree murder count, and life imprisonment for the armed criminal action count, with the sentences to run concurrently.

*State v. Walters*, 241 S.W.3d 435, 436 (Mo. App. W.D.2007).

On February 8, 2008, Walters filed a timely motion for post-conviction relief under Rule 29.15. An amended motion was later filed by appointed counsel. In relevant part, Walters claimed that trial counsel had been ineffective for failing to object to improper comments by the State during *voir dire* and closing argument related to accomplice liability and to the State's characterization of the medical examiner's testimony during closing argument. Following an evidentiary hearing, the motion court denied Walters' motion concluding that the State's comments were not improper and that, even if they were, Walters had failed to prove that he suffered prejudice as a result.

■ In his sole point on appeal, Walters claims that the motion court clearly erred

in denying his motion because the record established that trial counsel was ineffective for failing to object to multiple aspects of the State's *voir dire* and closing argument. Walters has not, however, seen fit to include the trial transcript in the record on appeal.

■ "Rule 81.12 imposes the duty on movant, as appellant, to file the transcript and to prepare a legal file so that the record contains all the evidence necessary for us to make determinations on the issues raised." *Evans v. State,* 70 S.W.3d 483, 486 (Mo.App. W.D.2002) (internal quotation omitted). "Where the movant in a post-conviction motion proceeding fails to provide us with the necessary record on appeal to review the claim of error raised, we must dismiss." *Id.* While Walters declares in a footnote in his appellate brief that "[t]he record on appeal consists of the direct appeal legal file, the trial transcript, the post-conviction legal file, and the post-conviction evidentiary hearing transcript," he has not seen fit to actually include the direct appeal legal file or the trial transcript in the record on appeal in this case. Without a complete record on appeal, we are unable to review his claim of error on appeal. Accordingly, because Walters failed to include in the record on appeal the transcript of the *voir dire* and closing argument containing the comments he contends counsel was ineffective for failing to object to, we must dismiss his appeal.

While dismissal is necessary because of lack of an adequate record, we gratuitously note that, having reviewed the allegedly offensive comments made by the State in the context of the lengthy portions of the transcript quoted by the State in its brief, this Court is not left with the impression that the motion court made a mistake in denying Appellant's motion. Any objection made to most, if not all, of the comments made by the State would have been unsuccessful in light of the context in which they were made. Moreover, any erroneous impression left by the State's comments was clarified by the jury instructions, and there is no reason to believe that the comments had any effect on the verdict.

For the foregoing reasons, Walters' appeal from the motion court's denial of his Rule 29.15 motion, after an evidentiary hearing, is dismissed.

All concur.