Tyran EVANS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93179.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 13, 2010.

Gwenda Renee' Robinson, District Defender, Louis, MO, for Appellant.

Chris Koster, Mary H. Moore, Attorney General, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Tyran Evans appeals the judgment denying his Rule 24.035[1] motion for postconviction relief. We affirm.

## I. BACKGROUND

In July 2006, Evans and Kenneth Goodson, armed with guns, approached three

1. All references to Rules are to Missouri Supreme Court Rules (2010).

people outside a nightclub in the City of St. Louis. After Evans and Goodson demanded the purses and wallet of the victims, one of the victims took Goodson's gun and Evans shot the victim. Evans was ultimately charged with three counts of first-degree robbery and three counts of armed criminal action. In April 2008, Evans pled guilty to all of the charges. Evans was sentenced to fifteen years for each first-degree robbery charge and five years for each armed criminal action charge, the sentences to all run concurrently.

Evans subsequently filed a Rule 24.035 motion for post-conviction relief, which the motion court denied. The motion court concluded that Evans's claim for post-conviction relief was without merit because his claim of ineffective assistance of plea counsel was refuted by the record of the plea hearing. Evans appeals.

## II. DISCUSSION

### A. Standard of Review

■ We review the denial of a Rule 24.035 motion for post-conviction relief to determine only whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Mullins v. State*, 262 S.W.3d 682, 684 (Mo.App. E.D.2008). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Mullins*, 262 S.W.3d at 684.

### B. The Motion Court did not Clearly Err in Denying Evans's Rule 24.035 Motion for Post–Conviction Relief

■ In Evans's sole point on appeal, he claims the motion court clearly erred in denying his motion for post-conviction relief because plea counsel was ineffective. Specifically, Evans claims as a result of plea counsel's assurances he pled guilty under the mistaken belief the court would impose concurrent three-year sentences for the armed criminal action charges, suspend the execution of his sentences on the robbery charges, and place him on five years probation.

■ Generally, in order to establish a claim of ineffective assistance of counsel, a movant must show that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and as a result the movant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Skillicorn v. State*, 22 S.W.3d 678, 681 (Mo. banc 2000). However, "[b]y pleading guilty, [Evans] waived all errors except those which affect the voluntariness of the pleas or the understanding with which the pleas were given. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App. S.D.1990). Evans must prove his claim by a preponderance of the evidence. Rule 24.035(i).

■ "When a movant bases an ineffective assistance of counsel claim on an allegation that [he] pleaded guilty because of a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief." *Castor v. State*, 245 S.W.3d 909, 913 (Mo.App. E.D. 2008). The mere expectation that a movant will receive a lesser sentence does not render a plea involuntary. *Jones v. State*, 211 S.W.3d 210, 213 (Mo.App. S.D.2007).

Here, during the plea hearing, the State recommended concurrent sentences totaling twenty years, and the plea court specifically told Evans he would be receiving concurrent sentences totaling fifteen years. As previously discussed, Evans was ulti-

mately sentenced to fifteen years for each first-degree robbery charge and five years for each armed criminal action charge, the sentences to all run concurrently. During the plea hearing, Evans stated he was not promised anything in return for pleading guilty, and he was not promised a different sentence. We find that no reasonable basis existed in the record of the plea hearing for Evans's belief that he would receive a lesser sentence. Therefore, the motion court did not clearly err in concluding that Evans's ineffective assistance of counsel claim was without merit. Point denied.

## III.  CONCLUSION

The judgment is affirmed.

MARY K. HOFF and LAWRENCE E. MOONEY, JJ., concur.