Antoine **SMITH**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. ED 94582.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 9, 2010.

Lisa Stroup, MO Public Defenders Office, St. Louis, MO, for appellant.

Chris Koster, Richard A. Starnes, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

## Introduction

Antoine Smith (Smith) appeals the judgment of the Circuit Court of St. Louis County, the Honorable James R. Hartenbach presiding, which denied Smith's post-conviction motion for relief without an evidentiary hearing. We affirm.

## Factual and Procedural Background

On 17 May 2007, Antoine Smith was tried as a prior offender for one count of assault in the first degree, one count of robbery in the first degree, and two counts of armed criminal action. On 19 May 2007, a jury convicted Smith on all charges. On direct appeal,[1] this Court affirmed Smith's conviction pursuant to Rule 30.25(b).[2] Smith then filed an amended motion raising two claims of ineffective assistance of counsel pursuant to Rule 29.15.[3] On 4 February 2010, the motion court denied Smith's claims for relief without an evidentiary hearing finding that the record conclusively refuted both claims. This appeal follows.

Smith appeals the same two Rule 29.15 claims: (1) the motion court erred in denying Smith's post-conviction motion

---

1. *State v. Smith,* 262 S.W.3d 298 (Mo.App. E.D.2008).

2. All Rule references are to the Mo. Sup.Ct. Rules.

3. Rule 29.15 sets forth the procedure for litigating claims of ineffective assistance of counsel when the defendant has been convicted of a felony. *Tisius v. State,* 183 S.W.3d 207, 211 (Mo. banc 2006).

claiming ineffective assistance of trial and appellate counsel for counsels' failure to object that Smith's conviction for both first-degree assault and first-degree robbery was a double jeopardy violation because the first-degree assault was a lesser-included offense of the first-degree robbery. And: (2) the motion court erred in denying Smith's post-conviction motion claiming ineffective assistance of trial counsel for counsel's failure to request a mistrial after the prosecutor improperly referred to Smith being in custody and being forced to wear leg restraints during trial. For these reasons, Smith claims the motion court clearly erred in denying, without an evidentiary hearing, both claims in his motion for post-conviction relief.

### Standard of Review

█ Review of denial of a post-conviction motion for relief is limited to a determination of whether the motion court's findings and conclusion are clearly erroneous. *Evans v. State*, 315 S.W.3d 404, 405 (Mo.App. E.D.2010). Findings of fact and conclusions of law are clearly erroneous if, after reviewing the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* We review the motion court's findings and conclusion as presumptively correct. *Edwards v. State*, 200 S.W.3d 500, 505 (Mo. banc 2006).

### Discussion

Both points Smith raises on appeal are claims of ineffective assistance of counsel. A criminal defendant seeking post-conviction relief for ineffective assistance of counsel must establish that: (1) counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) as a result,

the defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Tisius*, 183 S.W.3d at 212. The defendant must overcome a strong presumption that counsel performed reasonably and competently to meet the first prong. *Bradley v. State*, 292 S.W.3d 561, 564 (Mo.App. E.D.2009). To meet the second prong, the defendant must show a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Id.*

█ Smith first claims ineffective assistance of both trial and appellate counsel for their failure to object that convicting Smith of both assault and robbery was a double jeopardy violation. Smith argues the assault was a lesser-included offense of the robbery and it was thus a double jeopardy violation to convict him for both offenses. Smith claims that, but for counsels' failure to object, he would have been discharged as to either or both of the charges. We disagree.

Smith fails to prove counsel was ineffective for raising a double jeopardy claim because convicting him of both robbery and assault was not a double jeopardy violation. If a defendant commits more than one offense with the same conduct, typically he may be prosecuted for each different offense. § 556.041.1.[4] An exception applies when one offense is a "lesser-included offense" of the other, which means it can be established by proof of the same or less than all of the facts required for proving the other offense. §§ 556.041(1), 556.046.1(1). An offense is not "lesser included" if it includes any necessary element not required for the other offense. *Becker v. State*, 260 S.W.3d 905, 908 (Mo.App. E.D.2008).

---

4. All statutory references are to RSMo 2000, unless otherwise indicated.

Neither first-degree assault nor first-degree robbery was a lesser-included offense of the other here because each offense had essential elements the other does not. To convict Smith of first-degree assault, the jury had to find that: (1) Smith attempted to kill or cause serious physical injury to the victim; and (2) in doing so, he actually caused serious physical injury. § 565.050. To convict him of first-degree robbery, the jury had to find that: (1) Smith took the victim's property for the purpose of depriving her of it; (2) Smith actually used physical force for the purpose of preventing resistance to his taking of the property; and (3) while using such force, Smith used or threatened the immediate use of a dangerous instrument. § 569.020.1. Each offense required a finding not included in the other. The robbery charge required property theft and the assault charge did not; the assault charge required infliction of serious physical injury and the robbery charge did not. Thus, neither assault nor robbery was an included offense of the other.

Because assault and robbery were separate charges, convicting Smith of both was not a double jeopardy violation. Accordingly, it would have been non-meritorious to assert double jeopardy as an objection to convictions for both. Counsel is not ineffective for failing to make a non-meritorious objection. *Middleton v. State*, 103 S.W.3d 726, 741 (Mo. banc 2003). The motion court did not clearly err in finding that counsel was not ineffective for failing to assert a non-meritorious double jeopardy objection and denying relief for this claim without an evidentiary hearing.

■ In his second point on appeal, Smith claims the motion court clearly erred in denying, without an evidentiary hearing, his claim that trial counsel was ineffective for failing to request a mistrial after the prosecution asked Smith about

wearing an unseen leg restraint. Smith argues the question let the jury know that he was already incarcerated at trial. Smith also argues that exposing his incarceration "destroyed the presumption of innocence" because it would have caused the jury to assume he was guilty. Smith claims that counsel was ineffective for failing to request a mistrial after he was asked about the leg restraint because it was reasonably probable a mistrial would have been granted but for trial counsel's failure to request it, and counsel's failure to request mistrial prejudiced Smith.

■ Mistrial is a drastic remedy only to be exercised in extraordinary circumstances where there is no other way to remove the prejudice to the defendant. *State v. Garnett*, 298 S.W.3d 919, 924 (Mo. App. E.D.2009). An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Cf. United States v. Morrison*, 449 U.S. 361, 364–365, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). To constitute ineffective assistance, any deficiencies in counsel's performance must be prejudicial to the defense. *Strickland*, 466 U.S. at 691–92, 104 S.Ct. 2052.

Throughout trial, Smith wore regular clothing, and Smith's leg shackle was never visible to the jury. At one point, the prosecutor asked Smith if he was limping and Smith replied that he had on a brace. Smith's trial counsel objected to the question and the court sustained the objection. No other direct or indirect reference or inference about Smith wearing restraints or being restrained occurred at trial. And Smith merely referred to wearing a "brace," which was not a direct reference to the sort of shackling restraint that might have suggested something to the jury that would have impacted the presumption of innocence. Altogether, these

facts fall far short of showing Smith suffered irreparable prejudice warranting a mistrial. A request for a mistrial in this case would have been non-meritorious. Trial counsel was not ineffective for failing to make a non-meritorious request for a mistrial after Smith acknowledged he wore a leg "brace". The motion court did not clearly err in finding that Smith was not prejudiced by this comment and that trial counsel was not ineffective for failing to request a mistrial for this claim of error.

ROY L. RICHTER, C.J., and STEPHEN K. WILLCOX, Sp., J., concur.