Curtis COLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99214.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 2013.

Application for Transfer to Supreme Court Denied July 31, 2013.

Application for Transfer Denied Oct. 1, 2013.

---

Amanda P. Faerber, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Curtis Collins ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in denying his motion because post-conviction counsel abandoned him by failing to sufficiently allege facts in support of his request for relief. Because Movant's point on appeal is not properly before this court, we dismiss.

Movant was charged with eleven separate counts related to the trafficking and possession of methamphetamine. Pursuant to a plea agreement, Movant pled guilty to one count of manufacturing or producing a controlled substance, Section 195.211, RSMo 2000, and the State dismissed the remaining counts. The circuit court sentenced Movant to fifteen-years of imprisonment, suspended the execution of that sentence, and ordered Movant to a five-year term of probation with special conditions, including shock incarceration for up to 120 days as determined by Movant's probation officer.

The probation officer directed Movant to serve thirty days of shock incarceration. However, Movant failed to report to the jail to serve this shock time. In response, the circuit court scheduled a probation violation hearing for November 2011. Movant failed to appear at this hearing. At the rescheduled hearing in January 2012, Movant appeared and admitted he had violated the terms of his probation. The court revoked Movant's probation and ordered the execution of his fifteen-year sentence.

Movant filed a *pro se* Rule 24.035 motion. Post-conviction counsel was appointed and filed an amended motion. The motion alleged Movant's plea counsel was ineffective for (1) failing to file a number of motions he had requested and (2) failing to bring to the Court's attention the fact that the prosecutor had previously acted as Movant's lawyer by giving him business advice. The motion court issued findings of fact and conclusions of law denying Movant's motion without an evidentiary hearing. This appeal follows, with Movant's sole point on appeal alleging abandonment by postconviction counsel.[1]

In his sole point on appeal, Movant alleges the motion court clearly erred in denying his motion because post-conviction counsel abandoned him by failing to sufficiently allege facts in support of his request for relief. However, Movant raises

---

1. If Movant had appealed the motion court's rulings on his two allegations against plea counsel, Movant's appeal would have been dismissed based on the escape rule. The escape rule is a judicially-created doctrine that denies the right to appeal to criminal defendants who escape justice. *Crawley v. State,* 155 S.W.3d 836, 837 (Mo.App. E.D.2005). Because Movant failed to report to jail to serve his shock incarceration and additionally failed to appear at his first probation violation hearing, we would have invoked the escape rule and dismissed on those grounds.

the issue of abandonment for the first time on his appeal.

■ Claims not presented to the motion court in a Rule 24.035 motion cannot be raised for the first time on appeal. *Gilyard v. State*, 303 S.W.3d 211, 215 (Mo. App. W.D.2010). There is no plain error review for post-conviction appeals. *Hoskins v. State*, 329 S.W.3d 695, 696 (Mo. banc 2010). A post-conviction motion court's findings are presumed to be correct. *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006).

Movant's claim is not properly before this court and we cannot consider it on the merits. Movant's appeal is dismissed.

ROY L. RICHTER and ANGELA T. QUIGLESS, JJ., concur.