Marcus Z. ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98903.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 9, 2013.

Jessica Hathaway, Saint Louis, MO, for appellant.

Todd T. Smith, Jefferson City, MO, for respondent.

## *OPINION*

ANGELA T. QUIGLESS, Judge.

Marcus Z. Allen ("Movant") appeals the judgment denying his Rule 24.035 [1] motion

for post-conviction relief without an evidentiary hearing. We affirm.

## I. BACKGROUND

October 5, 2011, Movant entered a plea of guilty to one count of second-degree burglary. Movant had prior felony convictions for two counts of second-degree assault, one count of first-degree burglary, and possession of a controlled substance, all of which were committed at different times. The State's original indictment, filed in January 2011, did not allege that Movant was a prior and persistent offender. However, the State's substitute information in lieu of an indictment, filed on the day of Movant's plea hearing, alleged that Movant was a prior and persistent offender.

During Movant's plea hearing, the court asked Movant if it was true that the State had alleged he was a prior and persistent offender, to which Movant responded, "Yes, sir." Thereafter, the following exchange took place:

COURT: What is the range of sentence in this case, [Prosecutor]?

[PROSECUTOR]: Because he's a persistent offender, it's anywhere from one day incarceration to 15 years in the Department of Corrections. It could also carry a potential $5,000 fine.

COURT: It could be both a fine or incarceration or either one?

[PROSECUTOR]: That's correct.

COURT: Do you understand all that?

[MOVANT]: Yes, sir, I do.

The court subsequently found that Movant was a prior and persistent offender and accepted Movant's guilty plea.

During Movant's sentencing hearing, the State recommended a sentence of ten

1. All references to Rules are to Missouri Supreme Court Rules (2013).

years. The court sentenced Movant to eight years in prison as a prior and persistent offender.

On November 30, 2011, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief which was amended on June 18, 2012. Movant alleged that plea counsel was ineffective because counsel misinformed him: (1) that the State would not prove him to be a prior and persistent offender if he pled guilty; and (2) that Movant would face seven years in prison as the "worst-case scenario." Movant also alleged that based on plea counsel's advice, Movant understood that the State could charge him as a prior and persistent offender, but had elected not to and would only prove him to be a prior and persistent offender if Movant chose to go to trial.

On July 20, 2012, the motion court denied Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. The court found that Movant's allegations were refuted by the record. Movant appeals.

## II. DISCUSSION

### A. Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief to determine only whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Mullins v. State*, 262 S.W.3d 682, 684 (Mo.App. E.D.2008). Findings and conclusions are clearly erroneous if, after a review of the entire record, our Court is left with the definite and firm impression that a mistake has been made. *Mullins*, 262 S.W.3d at 684. In order for a movant to obtain an evidentiary hearing on a Rule 24.035 motion for postconviction relief, the movant's motion must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged in the motion must raise matters which are not refuted by the record; and (3) the matters complained of in the motion must have prejudiced the movant. *Id.*

### B. The Motion Court did Not Clearly Err in Denying Movant's Rule 24.035 Motion for Post–Conviction Relief without an Evidentiary Hearing

In Movant's sole point on appeal, he claims the motion court clearly erred in denying his motion for post-conviction relief because plea counsel was ineffective. Specifically, Movant claims that as a result of plea counsel's assurances, he pled guilty under the mistaken belief that the State would not charge him as a prior and persistent offender and that Movant would face seven years in prison as the "worst-case scenario."

In order to establish a claim of ineffective assistance of counsel, a movant must demonstrate that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and the movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Evans v. State*, 315 S.W.3d 404, 405 (Mo.App. E.D.2010). However, "[b]y pleading guilty, [a movant] waive[s] all errors except those which affect the voluntariness of the pleas or the understanding with which the pleas were given. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Evans*, 315 S.W.3d at 405 (internal quotation omitted). A movant must prove his claim by a preponderance of the evidence. Rule 24.035(i).

"When a movant bases an ineffective assistance of counsel claim on an allegation that [he pled] guilty because of a

mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief." *Castor v. State*, 245 S.W.3d 909, 913 (Mo.App. E.D. 2008). Moreover, a movant's expectation that he will receive a lesser sentence does not make his plea involuntary. *Evans*, 315 S.W.3d at 405.

In this case, Movant claims he was told by plea counsel that he would not be charged as a prior and persistent offender and that Movant would face seven years in prison as the "worst-case scenario." Movant also claims that had he not relied on plea counsel's assurances, he would not have pled guilty and would have elected to go to trial. However, Movant's testimony at the plea hearing refutes these claims. During Movant's plea hearing, the court asked Movant if it was true that the State had alleged he was a prior and persistent offender, to which Movant responded, "Yes, sir." Later in Movant's plea hearing, the following exchange took place:

> COURT: What is the range of sentence in this case, [Prosecutor]?
>
> [PROSECUTOR]: Because he's a persistent offender, it's anywhere from one day incarceration to 15 years in the Department of Corrections. It could also carry a potential $5,000 fine.
>
> COURT: It could be both a fine or incarceration or either one?
>
> [PROSECUTOR]: That's correct.
>
> COURT: Do you understand all that?
>
> [MOVANT]: Yes, sir, I do.

From this testimony, it is clear that Movant acknowledged that he was being charged as a prior and persistent offender and that he could serve up to fifteen years in prison. Accordingly, no reasonable basis existed in the record for Movant's belief that he would not be charged as a prior and persistent offender and that he would not be sentenced to more than seven years in prison. Therefore, the motion court did not clearly err in denying Movant's Rule 24.035 motion for postconviction relief without an evidentiary hearing. Point denied.

### III. CONCLUSION

The judgment is affirmed.

ROBERT G. DOWD, JR., P.J. and ROY L. RICHTER, J., concur.