

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| RICHARD LONG, | ) | No. ED100355 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 12SL-CC01520 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Robert S. Cohen |
| | ) | |
| Respondent. | ) | Filed: June 24, 2014 |

## OPINION

Richard Long appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We affirm.

### I. BACKGROUND

Long was charged with one count of second-degree drug trafficking ("Count I") and five counts of unlawful possession of a firearm ("Counts II-VI") following the execution of a search warrant based on probable cause to believe crack cocaine was located at Long's residence. The application for the search warrant included an affidavit in which Detective Brett Farnam informed the court, in relevant part, that during a response to a call to check the welfare of an individual present at the premises, "the occupant of the house, Richard Long . . ., was arrested on an outstanding felony warrant for [f]elonious [r]estraint . . .."[2] Long entered into a plea

---

[1] All references to Rules are to Missouri Supreme Court Rules (2013).

[2] The application for the search warrant is not included in the record on appeal. We include only those portions of the application as they are set forth in Long's motion for post-conviction relief.

agreement with the State pursuant to which Long agreed to plead guilty to all charges in exchange for the State's recommendation that Long be sentenced to seven years' imprisonment on each count, with the sentences to be served concurrently.

At the plea hearing, the State set out a factual basis for the charges against Long. As to Count III, the State indicated that the evidence would prove beyond a reasonable doubt that Long, a convicted felon, "committed the Class C felony of unlawful possession of a firearm . . ., a Jennings .22 caliber firearm." With regards to Count IV, the State would prove that Long committed the Class C felony of unlawful possession of a firearm when Long "knowingly possessed a Jennings .22 firearm." Long indicated that he accepted responsibility for the allegations made by the State, and the plea court accepted Long's pleas. Long was sentenced to a total of seven years' imprisonment in accordance with the plea agreement.

Thereafter, Long filed a Rule 24.035 motion for post-conviction relief and counsel was appointed pursuant to Rule 24.035(e). Counsel filed an amended motion for post-conviction relief alleging: (1) there was an insufficient factual basis to support Long's plea of guilty to Counts III and IV for unlawful possession of a firearm because one of the recovered .22 caliber Jennings firearms was nonfunctioning and inoperable when seized from Long's residence; (2) plea counsel was ineffective for failing to challenge the search warrant on the ground that Detective Farnam's affidavit contained deliberately false information; and (3) plea counsel was ineffective for pressuring him to plead guilty even though he wanted to go to trial. The motion court denied Long post-conviction relief without an evidentiary hearing as to these claims,[3] and Long appeals.

---

[3] The motion court granted Long relief on his claim, not at issue in this appeal, that there was an insufficient factual basis to support his guilty plea to Count V for unlawful possession of a firearm.

2

## II.     DISCUSSION

Long raises three points on appeal.  In all three points, Long claims the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing.

### A.     Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Mullins v. State*, 262 S.W.3d 682, 684 (Mo. App. E.D. 2008).  Findings and conclusions are clearly erroneous if, after a review of the entire record, our Court is left with the definite and firm impression that a mistake has been made.  *Mullins*, 262 S.W.3d at 684.  To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief.  *Id*.  Furthermore, the facts alleged must not be refuted by the record, and the matters complained of must have been prejudicial to the movant.  *Id*.  "If the motion, files, and records conclusively show that the movant is not entitled to relief, then a hearing shall not be held."  *Id*.

### B.     Long's Claim that there was an Insufficient Factual Basis to Support his Pleas

In his first point on appeal, Long claims the motion court erred in denying his motion for post-conviction relief because the State failed to present sufficient facts at the plea hearing to establish that Long committed two counts of unlawful possession of a .22 caliber Jennings firearm (Counts III and IV).  We disagree.

Rule 24.02(e) prohibits a plea court from entering a judgment upon a plea "unless it determines that there is a factual basis for the plea."  This requirement ensures that guilty pleas are intelligently and voluntarily entered, thereby satisfying due process.  *Douglas v. State*, 410 S.W.3d 290, 296 (Mo. App. E.D. 2013).  "A factual basis is established where the information or

3

indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." *Id*. (internal quotation omitted). The factual basis may be established based on the record as a whole and does not have to be established by an admission of the facts as recited by the State or by the defendant's own words. *Id*. As long as the defendant understands the nature of the charge, there is no requirement that the defendant be explained every element of a crime. *Id*.

Pursuant to section 571.070.1(1) RSMo Supp. 2011,[4] "[a] person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession" and the "person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony." At the plea hearing, the State indicated that, as to Count III, the evidence would prove beyond a reasonable doubt that Long, a convicted felon, "committed the Class C felony of unlawful possession of a firearm . . ., a Jennings .22 caliber firearm." With regards to Count IV, the State indicated that the evidence would prove beyond a reasonable doubt that Long committed the Class C felony of unlawful possession of a firearm when Long "knowingly possessed a Jennings .22 firearm."

Long contends that the State's recitation of facts provided an insufficient basis to support his guilty pleas under Counts III and IV for unlawful possession of a firearm where one of the .22 caliber Jennings firearms was discovered to be inoperable and in a defective condition.[5] Long cites no authority for the proposition that a firearm must be operable to support a

---

[4] All references to section 571.070 are to RSMo Supp. 2011.

[5] Long also argues, for the first time on appeal, that there was an insufficient factual basis to support his guilty plea for Count III because the State's recitation of the facts did not allege that he "knowingly possessed" the .22 caliber Jennings firearm. Because Long did not raise this issue to the motion court, we cannot consider it on appeal. *See Collins v. State*, 407 S.W.3d 674, 676 (Mo. App. E.D. 2013) ("[c]laims not presented to the motion court in a Rule 24.035 motion cannot be raised for the first time on appeal").

4

conviction of unlawful possession of a firearm. To the contrary, section 571.070.1 prohibits the possession of "any firearm," and "firearm" is defined as "any weapon that is *designed* or adapted to expel a projectile by the action of an explosive." Section 571.010(8) RSMo Supp. 2009 (emphasis added). Under the plain language of these statutes, an inoperable or malfunctioning weapon constitutes a firearm as long as it was designed to expel a projectile by the action of an explosive, regardless of whether the weapon can do so successfully. Long does not dispute that both .22 caliber Jennings firearms were designed to expel a projectile by the action of an explosive. Accordingly, even if one of the .22 caliber Jennings firearms was inoperable, there was a sufficient factual basis to support Long's guilty pleas under Counts III and IV, and the motion court did not clearly err in denying his motion for post-conviction relief without an evidentiary hearing. Point one is denied.

**C.     Long's Ineffective Assistance of Counsel Claims**

In Long's second and third points on appeal, he claims the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because he was denied effective assistance of counsel. We disagree.

In order to establish a claim of ineffective assistance of counsel, a movant must show that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and as a result the movant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Skillicorn v. State*, 22 S.W.3d 678, 681 (Mo. banc 2000). By pleading guilty, however, all errors are waived except those affecting the voluntariness of the pleas or the understanding with which the pleas were given. *Allen v. State*, 403 S.W.3d 678, 680 (Mo. App. E.D. 2013). "Any claim of ineffective assistance of counsel is immaterial except to the extent it

5

impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Id.* (internal quotation omitted).

### 1. Whether Counsel was Ineffective for Failing to File a Motion to Suppress

In his second point on appeal, Long claims plea counsel was ineffective for failing to file a motion to suppress evidence challenging the search warrant on the ground that it was supported by an affidavit containing a deliberate misstatement of facts, or at the very least, a reckless disregard for the truth.

In *Franks v. Delaware*, the United States Supreme Court permitted a challenge to a warrant's veracity in certain circumstances. 438 U.S. 154, 164-65 (1978). "*Franks* established a limited way for a defendant to challenge the truthfulness of the statements asserted in the application for warrant by showing that the statements were deliberately false or made with reckless indifference to the truth." *State v. Brown*, 382 S.W.3d 147, 167 (Mo. App. W.D. 2012). If an affiant includes allegations in support of a warrant that were deliberately false or were made with a reckless indifference to the truth, the court must set aside the false material and consider the remaining content in the affidavit to determine whether probable cause existed at the time the warrant was issued. *Id.* Only if the affidavit's remaining content is insufficient to establish probable cause will the fruits of the search be excluded. *Id.*

As alleged in Long's motion, the application for the search warrant stated that there was probable cause to believe crack cocaine was located at Long's residence. Detective Farnam's affidavit was submitted in support of the finding of probable cause and indicated, in part, that Long was arrested at his residence on an outstanding felony warrant for felonious restraint. Long maintains that Detective Farnam's assertion that he was arrested for felonious restraint was

deliberately false or made with a reckless indifference to the truth because Long was in fact arrested on a seat belt ticket.

Even assuming Detective Farnam's assertion was deliberately false or made with a reckless indifference to the truth, a motion to suppress would have only been successful if the remaining content of the affidavit was insufficient to establish probable cause. *See id.* However, Long's motion contains no allegations that the remaining content of the affidavit was insufficient to establish probable cause that crack cocaine was located at his residence. A movant must specify the grounds on which the motion to suppress would have been successful, and counsel cannot be ineffective for failing to file a meritless motion to suppress. *Eddy v. State*, 176 S.W.3d 214, 218 (Mo. App. W.D. 2005). By failing to challenge the remaining content of the affidavit, Long cannot establish that a motion to suppress would have been successful.[6] Accordingly, Long failed to allege facts warranting relief, and the motion court did not clearly err in denying Long's motion for post-conviction relief without an evidentiary hearing. Point two is denied.

### 2. Whether Counsel was Ineffective for Pressuring Long to Plead Guilty

In his third and final point on appeal, Long claims plea counsel was ineffective for pressuring him to enter a plea of guilty even though he wanted to go to trial. Specifically, Long argues that plea counsel pressured him into pleading guilty by telling him that the State's

---

[6] Long has not included the application for the search warrant or Detective Farnam's affidavit in the record on appeal in this Court. Rule 81.12 imposes a duty on appellants to file a legal file with all records necessary for review. *Walters v. State*, 306 S.W.3d 208, 210 (Mo. App. W.D. 2010). We are entitled to presume that omitted portions of the record are unfavorable to the appellant and favorable to the trial court's decision. *Runny Meade Estates, Inc. v. Datapage Technologies International, Inc.*, 926 S.W.2d 167, 168 n.2 (Mo. App. E.D. 1996). Because the fact of Long's arrest alone, whether it was based on a warrant for felonious restraint or a seat belt violation, could not have given rise to probable cause that crack cocaine was at the residence, the remaining content of the affidavit presumably set forth evidence of drug possession that was found as a result of Long's arrest.

evidence would result in a substantial likelihood that Long would be found guilty at trial and could face up to life imprisonment.[7]

At most, Long's claim amounts to dissatisfaction regarding counsel's advice. However, "[i]t is the duty of counsel to advise [a] client of the strength of the State's case." *Pittman v. State*, 331 S.W.3d 361, 365 (Mo. App. W.D. 2011) (internal quotation omitted). Counsel also has a duty to explain the range of punishment to a defendant and caution that the defendant may receive a longer sentence if the case goes to trial. *Burnett v. State*, 311 S.W.3d 810, 818 (Mo. App. E.D. 2009). "The mere prediction or advice of counsel relating to the probable outcome of a client's case does not support a finding of coercion rendering a guilty plea involuntary." *Id*. Accordingly, Long failed to allege facts warranting relief, and the motion court did not clearly err in denying Long's motion for post-conviction relief without an evidentiary hearing. Point three is denied.

### III.    CONCLUSION

The judgment is affirmed.

_____
GLENN A. NORTON, Judge

Roy L. Richter, P.J. and
Clifford H. Ahrens, J., concur

---

[7] Without the benefit of the plea agreement, Long faced the possibility of punishment as a persistent drug offender under section 195.295.2 RSMo 2000.