

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| LaVINCENT TYRELL ROBINSON, | ) | No. ED103191 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable John J. Riley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent/Respondent. | ) | Filed:  June 14, 2016 |

### Introduction

LaVincent Tyrell Robinson (Appellant) appeals from the motion court's judgment denying his Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing.  We affirm.

### Factual and Procedural Background

The State charged Appellant as a prior and persistent offender with one count of first-degree robbery, in violation of Section 569.020,[2] two counts of first-degree assault, in violation of Section 565.050, and three counts of armed criminal action (ACA), in violation of Section 571.015.  During Appellant's trial, viewed in the light most favorable to the verdict, the following evidence was adduced.

---

[1] Mo. R. Crim. P. 2013.
[2] All statutory references are to RSMo 2006.

On May 21, 2008, at approximately 3:00 p.m., Appellant and an accomplice arrived at the apartment of DeMarco Thompson (Thompson) and Kelly Campbell (Campbell) and asked if they could have hot dogs. Thompson said yes, so Campbell let them inside. Appellant then shot Thompson in the back of the head, pointed his gun at Campbell, forced her to give up her purse, and shot her in the head, too. Appellant and his accomplice fled the scene with the purse. Campbell, still conscious, called 911. She and Thompson both survived, although Thompson suffered significant memory loss as a result of the shooting. Thompson was unable to remember the attack, but Campbell identified Appellant as the person who shot Thompson, stole her purse, and then shot her.

After hearing all the evidence, the jury found Appellant guilty of first-degree robbery, two counts of first-degree assault, and three counts of armed criminal action. The trial court entered judgment on the jury verdicts and sentenced Appellant as a prior and persistent offender to a total of thirty-five years' imprisonment. Appellant appealed the judgment and sentence to this Court, which affirmed them on December 6, 2011, in a *per curiam* opinion. State v. Robinson, 358 S.W.3d 167 (Mo.App. E.D. 2011). The mandate was issued on March 7, 2012. Appellant filed his *pro se* Rule 29.15 post-conviction motion on June 4, 2012. The case was assigned June 12, 2012. On July 3, 2012, the motion court found Appellant indigent and ordered the Office of the Public Defender to represent him. On July 13, 2012, the public defender entered her appearance and requested an additional 30 days to file an amended motion, which the motion court granted. On October 2, 2012, the public defender filed the amended motion.

On March 31, 2015, an evidentiary hearing was held on the amended motion, at which Appellant appeared and testified. On June 1, 2015, the motion court denied the amended motion. This appeal follows.

## Points on Appeal

In his first point, Appellant maintains the motion court clearly erred in denying his amended post-conviction motion because he was denied his rights to effective assistance of counsel and due process of law in that trial counsel failed to locate, interview, endorse, subpoena, and call as a witness Tyiesha Cage (Cage), who was available and willing to testify and whose testimony would have established his innocence.

In his second point, Appellant claims the motion court clearly erred in denying his amended post-conviction motion because he was denied his rights to effective assistance of counsel and due process of law in that trial counsel failed to call as witnesses Annastager Robinson (Robinson) and Yvette Couch (Couch), who were available and willing to testify and whose testimony would have established his innocence.

In his third point, Appellant asserts the motion court clearly erred in denying his amended post-conviction motion because he was denied his rights to effective assistance of counsel and due process of law in that trial counsel failed to file a Motion to Dismiss, and appellate counsel failed to raise the issue on direct appeal, that Appellant could not be charged in Count III with first-degree assault on Campbell and in Count V with first-degree robbery of Campbell.

## Standard of Review

Our review of the denial of a Rule 29.15 motion is limited to whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); Burston v. State, 343 S.W.3d 691, 693 (Mo.App. E.D. 2011). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Burston, 343 S.W.3d at 693. The motion court's ruling is presumed correct. Strong v. State, 263 S.W.3d 636, 642 (Mo.banc 2008).

3

To be entitled to post-conviction relief for ineffective assistance of counsel, Appellant must satisfy the two-prong Strickland test: (1) that counsel's performance was deficient, in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) that counsel's deficient performance prejudiced Appellant's defense. Strickland v. Washington, 466 U.S. 668, 686, (1984); Deck v. State, 68 S.W.3d 418, 425 (Mo.banc 2002). In reviewing the performance prong, Appellant must overcome the presumptions that any challenged action was sound trial strategy, and counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment. Strickland, 466 U.S. at 689-90. To prove prejudice, Appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Both of these prongs must be established by a preponderance of the evidence in order to prove ineffective assistance of counsel. Strong, 263 S.W.3d at 642. If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Appellant's claim of ineffective assistance of counsel must fail. State v. Simmons, 955 S.W.2d 729, 746 (Mo.banc 1997).

## Points I and II

Appellant complains trial counsel's failure to call Cage, Robinson, and Couch as witnesses constitutes ineffective assistance of trial counsel. In order to succeed on a claim of ineffective assistance of trial counsel for failure to call a witness, a movant must show (1) counsel knew or should have known about the existence of the witness; (2) the witness could have been located through a reasonable investigation; (3) the witness would have testified at trial; and (4) the witness's testimony would have provided movant with a viable defense.

4

McIntosh v. State, 413 S.W.3d 320, 328 (Mo.banc 2013).  Even if a movant proves those elements, counsel's decision not to call a witness is presumptively a matter of trial strategy and ordinarily will not support a claim of ineffective assistance of counsel.  McDaniel v. State, 460 S.W.3d 18, 29 (Mo.App. E.D. 2014).  Moreover, it is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy.  Id.

At the evidentiary hearing, Appellant testified on May 21, 2008, the day of the crimes of which he was convicted, he was asleep in his godmother's basement when he was awakened at about 3:00 p.m. by his pregnant girlfriend, Latoya Pullum (Pullum), who believed she was going into labor.  After they discovered it was a false alarm, Appellant maintained the two of them went to his sister's house to celebrate her birthday.  Tamara Walker (Walker), trial counsel's investigator, testified at the hearing Pullum also relayed this course of events to her when Walker interviewed her.  However, Pullum stated only Appellant went to his sister's.

Trial counsel testified at the hearing she spoke with Pullum twice, and each time she had a different timeline for May 21, 2008, first waking up at 10 or 11:00 a.m., then not remembering when she woke up.  Trial counsel stated Pullum also admitted to counsel she did not think she would make a good witness for Appellant because she became frustrated.

Appellant's godmother, Couch, testified at the evidentiary hearing she recalled May 2008 because she was home for ten to twelve weeks recuperating from surgery to her foot, and she recalled Appellant being there when Pullum went into false labor.  She thought Pullum probably told her about the labor pains on May 21, 2008, at about noon.  Couch said Appellant was with Pullum around 2:30 or 3:15 p.m. and gave her a back massage, then later in the evening showered and left and returned at about 8:00 or 9:00 p.m.

5

However, trial counsel testified Couch had trouble remembering exact dates and was not able to pin down a date when she could vouch for Appellant's presence with her and Pullum so as to provide him with an alibi defense. Walker testified when she spoke with Couch, Couch remembered Pullum going into labor and Appellant being there, but Couch "didn't remember the exact date or anything."

Trial counsel testified Couch "couldn't really establish an alibi for [Appellant]" and trial counsel did not "call her to testify because [trial counsel] made the determination that she was not helpful to the case."

Cage testified at the evidentiary hearing she recalled sitting on the front porch of the apartment of Campbell and Thompson at approximately 3:00 p.m. on May 21, 2008. Although she did not remember what the two perpetrators looked like, other than that they had dreadlocks, she did not recognize Appellant as one of them. She called the police right after the crimes, but she did not speak to them because she said she did not know anything and could not identify the men. Cage was listed as a witness for the State on the indictment and had been endorsed as a witness by the State.

Trial counsel testified she scheduled Cage's deposition three different times, and Cage did not appear. Walker testified she had difficulty locating Cage in that she went to the facility where Cage was supposed to be staying several times, but Cage was never there. Appellant failed to demonstrate Cage could be located through reasonable investigation and would have testified for him at trial. McIntosh v. State, 413 S.W.3d at 328.

Robinson, Appellant's sister, testified at the evidentiary hearing she remembered May 21, 2008 because it was her birthday, and on that day, Appellant came over to her house. However, she also testified she did not see him before 5:00 p.m. Robinson did not have knowledge of

6

Appellant's whereabouts on the day the crimes were committed until two hours after they were committed.

Trial counsel testified she decided not to call Robinson to testify because Robinson would not have provided an alibi for Appellant as the shootings occurred around 3:00 p.m. and Robinson did not see Appellant until "between 5 and 5:30" that day.

None of these witnesses could provide a viable defense or alibi for Appellant on the date and time of the crimes in question. McIntosh, 413 S.W.3d at 328. Trial counsel's decision not to call these witnesses was a reasonable trial strategy. Id.

For the foregoing reasons, we find Appellant failed to establish trial counsel was ineffective for failing to call Robinson and Couch, and locate and call Cage, to testify in his defense at trial. Accordingly, the motion court did not err in denying Appellant's amended post-conviction motion on these bases. Points I and II are denied.

## Point III

Appellant maintains the State could not charge him with both first-degree assault and first-degree robbery of Campbell because his conviction of both charges was a double jeopardy violation. Appellant claims he was punished for the same conduct in the two charges.

The federal double jeopardy clause states that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. U.S. CONST. amend. V., State v. Lucy, 439 S.W.3d 284, 289 (Mo.App. E.D. 2014). It gives criminal defendants two basic protections: it protects them from successive prosecutions for the same offense after acquittal or conviction and it protects them from multiple punishments for the same offense. State v. Hardin, 429 S.W.3d 417, 421 (Mo.banc 2014).

7

Section 556.041 provides:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to punish a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Section 556.041.

Section 556.046.1 provides that an offense is an included offense when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Section 556.046.1, State v. McTush, 827 S.W.2d 184, 187-88 (Mo.banc 1992).

Appellant claims the assault charge was included in the robbery charge, violating Section 556.041(1) and Section 556.046.1(1), because the State alleged the same act of force, shooting off the gun as it was held to Campbell's head, was both 1) the physical force used to effect the robbery; and 2) the first-degree assault. However, the analysis focuses on the statutory elements of the offenses rather than upon the evidence actually adduced at trial. McTush, 827 S.W.2d at 188. If each offense requires proof of a fact the other does not, then the offenses are not lesser-included offenses, notwithstanding a substantial overlap in the proof offered to establish the

8

crimes.  <u>Id.</u>  Here, neither first-degree assault nor first-degree robbery was a lesser-included offense of the other because each offense had essential elements the other does not.  An offense is not lesser-included if it includes any necessary element not required for the other offense.  <u>Becker v. State</u>, 260 S.W.3d 905, 908 (Mo.App. E.D. 2008).

To convict Appellant of first-degree assault, the jury had to find that: (1) Appellant attempted to kill or cause serious physical injury to Campbell; and (2) in doing so, he actually caused serious physical injury.  Section 565.050.  To convict him of first-degree robbery, the jury had to find that: (1) Appellant took Campbell's purse for the purpose of depriving her of it; (2) Appellant actually used physical force for the purpose of preventing resistance to his taking of the purse; and (3) while using such force, Appellant used or threatened the immediate use of a dangerous instrument.  Section 569.020.1.  Each offense required a finding not included in the other.  <u>Becker</u>, 260 S.W.3d at 908.  The robbery charge required property theft and the assault charge did not; the assault charge required infliction of serious physical injury and the robbery charge did not.  <u>Smith v. State</u>, 324 S.W.3d 497, 499 (Mo.App. E.D. 2010).  Thus, neither assault nor robbery was an included offense of the other.  <u>Id.</u>  Because assault and robbery were separate charges, convicting Appellant of both was not a double jeopardy violation.  <u>Id.</u>  Accordingly, it would have been non-meritorious to assert double jeopardy as grounds for a motion to dismiss, or to assert same on appeal.  See <u>id.</u>  Counsel is not ineffective for failing to make a non-meritorious motion or claim on appeal.  <u>Id.</u>  As such, the motion court did not err in denying Appellant's amended post-conviction motion.  Point III is denied.

9

## Conclusion

The motion court's judgment is affirmed.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

Kurt S. Odenwald, J., and
Lisa P. Page, J., concur.

10